No. 37,142

THE CENTRAL KANSAS ELECTRIC COOPERATIVE ASSOCIATION, INC., *Appellee*, v. STATE CORPORATION COMMISSION, ETC., and WESTERN LIGHT & TELEPHONE COMPANY, INC., *Appellants.*

(196 P. 2d 212)

Opinion filed July 10, 1948.

*Jay Kyle,* of Topeka, argued the cause, and *Earl B. Swarner,* of Topeka, was with him on the briefs for appellant State Corporation Commission.

*Balfour S. Jeffrey,* of Topeka, argued the cause, and *Clayton E. Kline, M. F. Cosgrove* and *Robert E. Russell,* all of Topeka, were with him on the briefs for appellant Western Light & Telephone Company.

*Herbert Diets* and *Boyce P. Hardman,* both of Great Bend, argued the cause and were on the briefs for the appellee.

'The opinion of the court was delivered by

Cowan, J.: This appeal involves the review by the district court of Barton county of orders of the state corporation commission as to TL applications by two utilities holding overlapping certificates of convenience and necessity who desire to serve the same customer.

In 1936 a certificate of convenience and necessity was granted the predecessor of the Western Light & Telephone Company, Inc., for the supplying of electricity to certain portions of Barton county, Kansas. During 1939, because the Western had not supplied certain portions of the territory allotted to it, a certificate of convenience and necessity was granted The Central Kansas Electric Co-operative Association, Inc., covering portions of Barton county. The two certificates with reference to the area here involved overlapped. The Central Kansas developed the territory with which we are here concerned.

Prior to 1946 Radio Station KVGB had a transmitter station in territory supplied by the Western but during 1946 that radio station relocated its transmitter station in territory supplied by the Central Kansas but within an area for which both electric companies had certificates of convenience and necessity. About February 1, 1947, a representative of the radio station entered into an oral arrangement with Central Kansas for electric current and Central Kansas ordered the necessary materials for making the connection. On February 4, 1947, the Western filed its TL application with the state corporation commission to extend its lines to the new transmitter station and Central Kansas was notified of the filing, receiving notice thereof about February 7, 1947. On February 10 the Central Kansas filed its TL application to extend its lines to serve the radio station and gave the necessary notice to the Western. On February 13, 1947, Central Kansas filed its answer with the commission opposing the granting of the TL application of the Western.

TL applications have reference to safety or operational matters only, such as engineering problems involved in stringing wires, crossing telephone lines with electric wires, and crossing roads and highways. The commission was given authority to prescribe reasonable rules and regulations with respect to stringing of wires, electric or otherwise, in certain places, by G. S. 1935, 66-183. G. S. 1935, 66-184, 66-185, provide for complaints, investigations, orders,

and penalties for noncompliance with the rules and regulations of the commission. By docket 1944, dated July 30, 1917, the commission, in accordance with the authority granted by the foregoing statutes, prescribed certain rules and regulations governing the stringing of wires. As these TL applications involved engineering questions only, they have in the past been granted as a matter of course without hearing, provided the applications showed the proposed construction to be in accordance with the rules and regulations of the commission.

Under date of February 11, 1947, the commission wrote a letter to Central Kansas advising that corporation that the commission would withhold approval of Western's TL application for a few days longer, but if no protest was received within that period, approval would be released. Central Kansas claimed that it never received copy of such letter. On February 21, 1947, the commission wrote Central Kansas a letter, stating that approval of Central Kansas' TL application had been delayed because of apparent conflict with Western, which conflict raised a matter for settlement before approval could reasonably be given to either. Previously, on February 15, the commission had notified the Western of Central Kansas' protest and had stated that apparently it was a matter which should be settled between the applicants. On February 25, 1947, without any hearing whatever, the Central Kansas' application was denied without stating the basis of the refusal to grant, and the Western's was approved. Apparently no notice of such approval of the Western's was sent the Central Kansas nor was it given an opportunity to he heard on its protest. On February 28 the Central Kansas filed with the commission petition for rehearing as to the disapproval of its TL application and approval of the Western's TL application. On March 12, 1947, the Central Kansas filed an amendment to its application for rehearing broadening the prayer of its petition for rehearing so as to request that the certificate of convenience and necessity of the Western as to the territory here involved be revoked. The commission refused to file either of said petitions for rehearing and returned the petitions for rehearing with the explanation that the commission held no formal hearings on such applications and, therefore, there could be no rehearings. The Central Kansas filed its petition for review in the district court of Barton county on March 14, 1947, against the state corporation commission. The commission filed

a motion to quash, which was overruled by the court. The case came on for trial on October 3, 1947, at which time the Western filed a motion to intervene, which was granted. Radio station KVGB, on the same day, filed a motion to intervene, which was denied. The court made findings of fact on October 21, 1947, and amended findings of fact on October 22, 1947. The district court entered its order on October 31, 1947. The district court determined that it did not have jurisdiction to cancel the commission's order approving the TL application of the Western; that it did not have authority to order the state corporation commission to grant Central Kansas' TL application, and that it was without power to direct the commission to withdraw the Western's certificate of public convenience and necessity for the area in which the new transmitter station was located. The district court ordered the whole matter remanded to the state corporation commission for hearing on the Central Kansas' application for TL order, and on Central Kansas' protest to Western's application, and to grant a full and immediate hearing on all such matters. The district court stayed further proceedings in that court until the commission acted. From this order the corporation commission and the Western have appealed.

The commission contends that the district court was without jurisdiction to review an order granting or refusing a TL application because such order is purely an administrative order and not a judicial determination. It also contends that if Central Kansas was entitled to any review, it was only of the orders contained in docket 1944, adopting rules and regulations, and the time for review of those orders had long since expired.

The Western's contention is that on a TL application, the Central Kansas was not entitled to a hearing on its protest to the granting of the Western's TL application, which protest was based solely upon competitive or economic factors. We shall examine the latter phase of the commission's contention first, namely, that the Central Kansas' remedy was by petition to review docket 1944 under which the safety rules and regulations were promulgated. The Central Kansas makes no complaint of the formulation of the rules and regulations contained in docket 1944. Its contention is that, after having offered to comply with such rules and regulations, the commission refused to grant its TL application. A petition to review docket 1944, therefore, would not have afforded Central Kansas the

relief which it sought. We turn to the matter of the right to review, in the district court, the commission's denial of the TL application.

G. S. 1935, 66-118b, insofar as it is pertinent here, reads as follows: "Any party being dissatisfied with any order or decision of the public service commission may, within ten (10) days from the date of service of such order or decision, apply for a rehearing in respect to any matter determined therein; . . ." 66-118c provides, in part, as follows: "Within thirty (30) days after the application for a rehearing is denied, or if the application is granted, then within thirty (30) days after the rendition of the decision on rehearing, the applicant may apply to the district court of the county in which the order of the commission is to become effective for a review of such order or decision; . . ." It will be noted that the right to apply for a rehearing is given by the statute to any person dissatisfied with *"any* order or decision of the public service commission . . ." (Emphasis supplied.) Clearly, the order denying Central Kansas' TL application was an order or at least a decision. In *Railroad and Light Co. v. Court of Industrial Relations*, 113 Kan. 217, 214 Pac. 797, it was said:

"As we read the utilities act, there is no order, permissive or mandatory, which the commission is authorized to make which cannot be challenged in a court of competent jurisdiction by any person aggrieved thereby, not only under various other sections of the act, but under the all-inclusive provisions of section 21 and section 40, which we only refrain from copying because of the voluminous space already devoted to these appeals." (p. 238.)

Section 21 (R. S. 1923, 66-118) was no broader than the present statute. Section 40, mentioned in the above quotation, is now G. S. 1935, 66-140. The phrase, "any order or decision," is all-inclusive, and hence the refusal of the commission to grant the TL application of the Central Kansas was and is subject to review. Inasmuch as the TL application of Central Kansas involved only an engineering problem, to wit, whether the proposed extension complied with the rules and regulations of the commission from a safety factor, it should have been granted unless it violated some of the engineering requirements. There is no contention that it did so. Hence, as found by the district court, the action of the commission in denying the application of Central Kansas was unlawful and unreasonable. If two utilities have overlapping certificates of public convenience and necessity and both file TL applications to serve the

same customer and such applications comply with the rules and regulations, both should be granted and the customer should be permitted to make the selection of the utility to serve it, unless the commission, in a proper proceeding, cancels one of the overlapping certificates. On the other hand, the Central Kansas, by its protest lodged against the Western's TL application, could not raise the matter of which one of the two utilities was entitled to serve the area here involved. In other words, a TL application cannot be used to determine a matter involving competitive and economic factors. If the Central Kansas wished to raise that question, it should have filed a proper application before the commission to cancel the certificate of public convenience and necessity of the Western insofar as it overlapped the area covered by the Central Kansas' certificate of public convenience and necessity. It follows from what we have said that the order of the district court is too broad and should be modified so as to remand to the commission for hearing the TL application of the Central Kansas Electric Cooperative Association, Inc., and grant to such corporation an opportunity to be heard upon such application.

The order of the district court, in so far as it remands to the commission for hearing the application of the Central Kansas Electric Cooperative Association, Inc., on its TL application 2593, with an opportunity to such corporation to be heard thereon, is affirmed; but insofar as it remands to the commission for hearing the protest of the Central Kansas Electric Cooperative Association, Inc., lodged against Western Light & Telephone Company's TL application 2585, is reversed, with directions to dismiss the Central Kansas Electric Coöperative Association's petition for review with respect thereto.