[No. 31108. Department Two. March 13, 1950.]

THE STATE OF WASHINGTON, *on the Relation of* PETROLEUM TRANSPORTATION COMPANY *et al., Respondents,* v. PUBLIC SERVICE COMMISSION *et al., Appellants.*[1]

*The Attorney General* and *Phil H. Gallagher, Assistant,* for appellant public service commission.

*Donald A. Schafer* and *Ralph Swanson,* for appellant Pacific Inland Transport.

*Helsell, Paul & Fetterman* and *George H. Hart,* for respondents.

[1] Reported in 216 P. (2d) 177.

SIMPSON, C. J.—This case involves the right of the department of transportation of the state of Washington, now known as the public service commission, to grant Pacific Inland Transport, Ltd., a corporation, a common carrier permit to conduct intrastate service as a carrier of petroleum from Pasco, Attalia, and/or Spokane to points and places in this state east of the Columbia river. The department, August 10, 1948, granted the permit over the objections of other carriers. The interested carriers, by writ of review in the superior court of Thurston county, secured a reversal of the departmental order. The department and Pacific Inland Transport, Ltd. have appealed to this court.

The assignments of error are sufficient to challenge the findings and decree of the trial court.

It is unnecessary, in deciding this case, to set out a detailed statement of the facts presented to the trial court. This situation is brought about by the conclusion we must reach relative to the actions of the department in making its findings.

After Pacific Inland Transport, Ltd. made its application for a permit, a public hearing was had by the department. The department then made certain "findings" upon which it based its order allowing the applicant to engage in the transportation of petroleum products in the district mentioned.

The statute which governs the department in the consideration of permits for transportation is Rem. Supp. 1947, § 6382-5, which provides:

". . . No permit or extension thereof shall be granted if the Department finds that the applicant *is not financially able, properly and adequately equipped and capable of conducting the transportation service applied for* in compliance with the law and rules and regulations of the Department and the Department may deny an application if the applicant or any of its principal officers or stockholders fails, or has failed, to comply with the laws of the State of Washington.

"Nothing contained in this act shall be construed to confer upon any person or persons the exclusive right or privilege of transporting property for compensation over the

public highways of the State of Washington, but the Department may deny an application when it appears clearly, after public hearing, that *the additional service would unreasonably congest the highways or unreasonably endanger the stability and dependability of the service essential to the public needs.*

"The Department shall also consider the amount and type of. service rendered in any area by any class of service and *may deny an application for permit or extension if it appears that the grant of such permit or extension would not be in the interest of the shipping public or would tend to impair the stability or dependability of existing service essential to the public needs or requirements.*" (Italics ours.)

■ This statute compels the department, before it issues a permit, to hold a public hearing and find: (1) That the applicant is financially able, properly and adequately equipped and capable of conducting the transportation service applied for; (2) that the additional service would not unreasonably congest the highways or unreasonably endanger the stability and dependability of the service essential to the public needs; and (3) that the granting of a permit would be in the interest of the shipping public and would not tend to impair the stability or dependability of existing service essential to the public needs or requirements.

The findings in this case consist of argument, recitation of facts, quoting of evidence, and certain conclusions.

In the first instance, the so-called findings of fact conclude that:

"The applicant owns and operates an adequate number of petroleum tank trucks, some of which are located in the City of Portland, and four of them in the City of Spokane, and it is adequately and properly equipped and financially able to render the service applied for in compliance with the laws, rules and regulations governing motor freight carriers in the State of Washington."

Then the document refers to the fact that a number of shippers in Spokane are engaged "in the distribution of petroleum products in bulk between points in Eastern Washington and other points in said state" and their source

of supply is Umatilla and Portland, Oregon, and Attalia and Pasco, Washington. It then names two of "such customers" and states that the object and purpose of the applicant in making the application is to enable it to render adequate and prompt service for the distributors located in Spokane.

The next paragraph of the document contains a long recitation of the difficulties encountered by the various transport companies. The point stressed was the fact that on numerous occasions trucks would be compelled to travel one way without a load.

Continuing, the order recited and quoted a portion of "chapter 184 of the Laws of Washington, Session of 1935." It is then stated:

"That mere evidence that a protesting carrier has permit authority in a territory to render the service applied for, does not constitute proof that such carrier is actually engaged in rendering such service."

Following the above quotation is a reference to a rule of the department which has to do with protests. We then find about two and one-half pages of testimony taken from the record made at the hearing. The order refers to the location of the petroleum supplies as being in Seattle, Richmond Beach and Edmonds. The order also contains a recitation of the difficulties of transportation from western to eastern Washington. Following that is a statement concerning the failure of the Novak Transportation Company to properly conduct its business so as to retain a permit it had to transport petroleum products in eastern Washington.

The findings conclude with the statement that:

"No convincing evidence to the contrary having been presented, and the record supporting our findings, the Department finds that to grant to the applicant the authority set forth in the order herein will be in the interests of the shipping public and will not tend to impair the stability or dependability of existing service essential to the public needs or requirements being rendered in the area which the applicant seeks to serve."

The order does not contain any reference to the question of whether the issuance of a permit would unreasonably

congest highways. This neglect is made more apparent when the record is considered. There are twenty-one carriers authorized to render service in the territory which Pacific Inland Transport, Ltd. sought to serve.

■ The department is a creature of the statute and must obey the mandate of the legislature in word and spirit. The plain intent of the statute is that in all cases the department must make proper findings of fact before it can issue any order or permit.

■ "Findings of fact by an administrative agency are subject to the same requirement as are findings of fact drawn by a trial court. *Wichita Railroad & Light Co. v. Public Utilities Commission*, 260 U. S. 48, 67 L. Ed. 124, 43 S. Ct. 51; *Beaumont, Sour Lake & Western R. Co. v. United States*, 282 U. S. 74, 75 L. Ed. 221, 51 S. Ct. 1. The findings must contain ultimate facts; mere statements of legal conclusions will render the findings insufficient. *Kennedy v. Derrickson*, 5 Wash. 289, 31 Pac. 766." *State ex rel. Bohon v. Department of Public Service*, 6 Wn. (2d) 676, 108 P. (2d) 663.

Accord: *Puget Sound Nav. Co. v. Department of Public Works*, 152 Wash. 417, 278 Pac. 189.

■ The department failed to make proper findings of fact as required by law. This being true, it must follow that the order granting the permit to Pacific Inland Transport, Ltd. was without foundation.

The case is remanded to the superior court with instructions to refer the matter to the department for the preparation of proper findings upon the record as already made, or to be made, if required, in that department.

ROBINSON, MALLERY, HILL, and HAMLEY, JJ., concur.