KEPIOE, Circuit Judge.
This is a petition for writ of certiorari filed by Greyhound Corporation, Southeastern Greyhound Lines Division, to review order 4808 of the Florida Railroad and Public Utilities Commission, confirming cancellation and revocation, under Sec. 323.10 F.S.A., of a portion of Greyhound’s certificate of convenience and necessity.
It is admitted that Greyhound ceased operating over the specific portion of its route, here involved, in 1948. Greyhound contends however, that it was granted a suspension by the Commission in conjunction with an approved schedule change. The Commission has no record of such suspension or approval, nor has Greyhound, but the latter contends it must have been granted because Greyhound would never have operated under a schedule which discontinued such portion of the route without commission approval. Obviously what Greyhound has done or would not have done cannot substitute for commission approval of route suspension for nearly 10 years. The Commission seems willing to concede that the schedule change was approved but rightly points out that the Commission would not necessarily be put on notice of the discontinuance unless it was called to its-attention, and mere approval of a schedtile change would not constitute permission to discontinue all service over a portion of the route. The Statute in effect in 1948 when the supposititious suspension was granted authorized the Commission to grant a “temporary” suspension for good cause. There is no showing made that there was ever granted such a suspension, much less that it was granted for good cause. Futhermore, even if such a suspension were granted, and for good cause, a ten year discontinuance can hardly qualify under these facts as a “temporary” suspension.
Greyhound also contends that the reissue of the certificate in March 1950 and March 1957 with these portions of the route still carried over from the former certificates somehow shows a consent by the Commission to a continuing suspension. One glance at the reissued certificates indicates that they are extraordinarily voluminous, and it is not surprising that the Commission failed to note that service had been abandoned over a very small portion of the overall route. Even if the Commission had been derelict in failing to discover the failure to. operate, Greyhound could not avail itself of the Commission’s dereliction to excuse its own unauthorized abandonment. But supposing that the reissue of 1957 did show consent to a continuing suspension — something which it is extremely doubtful the commission had authority to grant- — the clear legislative fiat of May 1957, expressed in the amendment to Sec. 323.10, that failure to' operate for six months without formal approval of the suspension by order of the Commission, rendered the certificate dormant and abandoned, cannot be avoided. This section clearly is self-executing, and, in the absence of the sepecific order required by the legislature and upon the expiration of 6 months from the effective date of the statute, Greyhound’s certificate became dormant and abandoned and revocation was mandatory. Greyhound argues that this statute may not be applied retroactively and we agree that the six month period may not be extended back so as to effect an abandonment of Greyhound’s certificate *699 on the date the statute became effective because of the failure to operate for six months preceding that date, but taking the certificate of March 1957 as fully effective on May 20, 1957, the date of the amendment, Greyhound was required to obtain formal approval of the discontinuance of service and when in the absence of the formal approval the discontinuance continued for six months the statute automatically took effect. Had such approval been sought, the Commission would have been put on notice that a discontinuance had taken place under the recently reissued certificate and could have determined whether to approve of it or not as circumstances required. As it was some 18 months passed, after the amendment, before the discontinuance was brought to the Commission’s attention by intervenor’s application and the ensuing proceedings.
Petitioner, in its brief, stresses the fact that there was no evidence before the Commission save petitioner’s own evidence. Actually there was no dispute that the petitioner failed to operate for six months without formal approval by order of the Commission and therefore the commission had no choice under the statute but to cancel and revoke. In the subsequent statutory hearing the burden was upon petitioner to show why its certificate should be reinstated. Petitioner has failed to sustain its burden on that issue and the Commission properly affirmed its order of revocation.
Petitioner further urges that by granting permission to resume operations over the subject route, the Commission recognized the continuing existence of petitioner’s certificate. This inquiry re the cancellation was already pending before the Commission when such permission to resume operation was granted and such permission naturally was subject to the outcome of the inquiry. Where the certificate has once become dormant, it cannot be revived save as provided by statute (Cf. Calistoga & Clear Lake Stage Line v. White Transportation Company, Call. R. R. Comm., 1918E PUR 821; Re Purdue, Utah PUC, 1919E PUR 196; Re J. R. Martin, Call. R. R. Comm., 1927A PUR 88; Re Fairfield & Shawmut Railway Co., Me. PUC, 1928 D. PUR 385; Re Evansville City Coach Lines, Inc., Ind. PSC, 28 PUR 3rd 483) and the permission to resume operations without statutory compliance cannot serve as an alternative method.
We hold that the Commission had ample evidence from which it could find that “the route in question could not have been more dormant,” and that the Commission did not depart from the essential requirements of law when it confirmed the revocation and cancellation of petitioner’s certificate as required by Sec. 323.10.
The petition for writ of certiorari must be and it is denied.
TERRELL, Acting C. J., ROBERTS and O’CONNELL, JJ., and WIGGINTON, District Court Judge, concur.