ROBERTS, Justice.
On petition for certiorari we here review an order of the respondent Commission, approving the transfer of the common stock of a corporation holding a Certificate of Public Convenience and Necessity, in a proceeding under Section 323.041, Florida Statutes, F.S.A.
Guye Line Tours, Inc., owned by Leo W. Guye and his wife, Dorothy P. Guye, had been issued a certificate on November 21, 1961 by Order No. 5286, which found that public convenience and necessity required the granting of the application for the proposed service and authorized Guye Line to transport passengers in sightseeing service over a specified route in Broward County, Florida. Guye Lines conducted tours in January, February and March of 1962. In June of 1962, because of illness of one of the owners, the carrier was permitted to suspend operations for six months. One *442 week before the expiration of the six months period, Mr. Guye notified the Commission that he was ready to resume operations, obtained a cab card for his vehicle, filed with the Commission the required insurance and monthly mileage tax reports, and held the Guye Line tour service out to the public. The tour service, however, did not obtain any business. Thereafter, in July or August of 1963, the Guyes advertised the business for sale and found a purchaser, Richard Schwartz. The owners and buyer sought approval of the sale and transfer of the capital stock as required by Section 323.041 of the Florida Statutes, F.S.A. and thereupon the petitioner, Gray Line Tours, Inc., filed its protest on the ground that the certificate rights had become dormant and abandoned within the meaning of Section 323.041(3), Section 323.10(1), (2), (3), Florida Statutes, F.S.A., and contended that the rights of the applicants should be cancelled. Pursuant to statute a hearing was held on the proposed transfer and the examiner recommended denial of the application and cancellation of the certificate because of dormancy of more than fifteen months. The respondent Commission, however, entered Order No. 6473 approving the transfer of the capital stock. It equated Van Arsdale v. King, Fla., 149 So.2d 3S3, with the case sub judice stating, “It is the opinion of this Commission that in light of the Van Arsdale case, to prove dormancy, one must prove abandonment” and that “Had a ticket for a tour been purchased Guye Line Tours, Inc. was ready, willing and able to perform the service. Therefore, it is the opinion of this Commission that Guye Line Tours, Inc. has not abandoned its operations and therefore, its certificate was not dormant.”
We hold that the Commission departed from the essential requirements of law when it concluded under the facts here present that Guye Line Tours, Inc. had not permitted its certificate to become dormant. Section 323.10(1) of the Florida Statutes, F.S.A. provides that a certificate “for the transportation of persons or property on fixed schedules, or over regular routes * * * ” is “dormant and abandoned” when it appears that the holder has failed to operate, without prior formal approval of the commission, over any route “for a period of six months”. Section 323.041(3) provides that upon hearing of a protested transfer application the Commission may approve it “ * * * if the commission finds and determines that such sale, assignment, or transfer, is not contrary to the public interest, and that the certificate has not been dormant for more than six months.” (Italics supplied.) The test of dormancy is “failure to operate” the carrier’s service and upon challenge the certificate holder is required by Section 323.-10(3) “to establish by records and testimony the continuity of bona fide service during the period in question.” See Greyhound Corp., Southeastern Greyhound Lines Division v. Carter, Fla., 123 So.2d 697. Van Arsdale v. King, supra, cannot be relied upon to grant a transfer of stock in instant case because the court there considered whether the commission had the authority under Section 323.10(2) to declare a portion of a certificate held by a non-schedule, irregular route carrier abandoned because of dormancy. In that case we stated, “Section 323.10(2) makes no provision for partial abandonment of the certificate of a non-schedule, irregular route carrier. We construe the words ‘has failed to operate’ as requiring the complete or substantially complete abandonment of the carrier’s entire operation. We think this construction is justified by the type of service required to be rendered under the certificate as well as by the contrast evidenced by Section 323.10(1) governing the abandonment for dormancy of certificates of carriers operating on fixed schedules or over regular routes. As to this type of service the Legislature has provided for abandonment for dormancy where the carrier fails to operate ‘over any route or schedule or to any point or terminal for a period of six months.’ As to the schedule, *443 regular route carriers, the Legislature has provided that a particular route or schedule may be abandoned through dormancy.”
Here the entire certificate was under attack because of lack of service over a regular route for over six months and therefore comes within the ambit of the statute.
Accordingly, the order here under review (RRPUC-6473), approving the transfer and sale of the capital stock of Guye Line Tours, Inc., is quashed and the cause remanded with directions that the request for approval of the transfer be denied.
It is so ordered.
DREW, C. J., and O’CONNELL and BARNS (Retired), JJ., and McCORD, Circuit Judge, concur.