415 P.2d 556

NEW MEXICO ELECTRIC SERVICE COMPANY, a corporation, Petitioner-Appellee,

v.

LEA COUNTY ELECTRIC COOPERATIVE, INC., a corporation, Respondent-Appellant,

Central Valley Electric Cooperative, Inc., a corporation, Respondent-Appellee and Cross-Appellant,

Continental Oil Company, a corporation, Respondent-Appellee,

Public Service Commission of New Mexico, Respondent-Appellant.

No. 7623.

Supreme Court of New Mexico.

March 14, 1966.

Rehearing Denied July 1, 1966.

Heidel, Swarthout & Samberson, Lovington, for appellant Lea County Electric Coop., Inc.

Earl E. Hartley, Atty. Gen., Frederick G. Von Huben, John Jennings, Special Asst. Attys. Gen., Santa Fe, for appellant Public Service Commission of N. M.

Neal & Neal, Hobbs, Atwood & Malone, Roswell, for appellee N. M. Electric Service Co.

William M. Siegenthaler, Artesia, John E. Hall, Albuquerque, for appellee Central Valley Elec. Coop., Inc.

Kellahin & Fox, Santa Fe, for appellee Continental Oil Co.

MOISE, Justice.

This is an appeal wherein Lea County Electric Cooperative, Inc., hereinafter referred to as "Central Valley," and the Public Service Commission of New Mexico, hereinafter referred to as "Commission," are the appellants; and New Mexico Electric Service Company, hereinafter referred to as "Service Company" and Continental Oil Company, hereinafter referred to as "Continental," are the appellees. Continental has filed no brief but was present at the oral arguments.

The litigation had its inception with the filing by Lea County of a complaint with the Commission in which it was alleged that a proposed expansion by Service Company into the Maljamar area of Lea County, New Mexico, would constitute an unreasonable interference with the existing service and system of Lea County, and would amount to the pirating by Service Company of Continental, one of Lea County's customers. A restraining order was sought to prevent construction by Service Company of the proposed line. Service Company answered by alleging that it had contracted for a point of delivery to it from Southwestern Public Service Co., at a point approximately three miles from the point of delivery to Continental; that it had a certificate of public convenience and necessity to provide service in the area, had made arrangements to do so, was ready, willing and able to provide the service, and that it was in the pub-

lic interest and in accord with its contractual undertakings that it provide the service. An Order to Cease and Desist and Notice of Hearing were issued by the Commission. Thereafter, Central Valley and Continental both were permitted to intervene to protect substantial rights which would be affected by the proceedings. After hearing by the Commission, it entered its opinion in which it made findings of fact and conclusions of law generally favoring Lea County and made permanent an order directing Service Company to cease and desist from the construction of plants or facilities for the purpose of rendering electric service to Continental. A timely motion for rehearing was filed by Service Company, in accordance with § 68–8–16, N.M. S.A.1953. It was not acted upon by the Commission within 20 days and was accordingly deemed refused (§ 68–8–16, supra). A petition for review as provided in § 68–9–1, N.M.S.A.1953, was filed by Service Company in the district court of Lea County, New Mexico, where the controversy had its origin.

Thereafter, the district court filed its decision wherein it set forth its findings of fact and conclusions of law determining that certain findings and conclusions of the Commission, differing from those of the court, were not supported by substantial evidence and were unlawful and unreasonable and, based thereon, the order of the Commission was ordered annulled and vacated.

■ Although a point is made by appellant Lea County, and the Commission makes reference to the same problem, the questions concerning the proper scope of review have been decided by this court since the instant case was tried and briefed. Llano, Inc. v. Southern Union Gas Co., 75 N.M. 7, 399 P.2d 646. Under the holding in that case the court did not err in making its own findings of fact setting forth the basis for its conclusion that the Commission's order was unlawful and unreasonable and should be annulled and vacated.

This brings us to a consideration of the court's findings which we set out in full, together with its conclusions 1 and 2, because we believe that the issues which form the basis for the court's decision are clearly apparent therefrom:

"FINDINGS OF FACT

1. Under date February 25, 1953, the Public Service Commission of New Mexico issued to New Mexico Electric Service Company a Certificate of Convenience and Necessity authorizing it to construct and operate a public utility system for the generation and supplying of electric power in a large area which embraces most of the south half of Lea County, and including Section 21, Township 17

South, Range 32 East, N.M.P.M., in Lea County, New Mexico.

2. Under the undisputed evidence in the record, in the latter part of 1960 a request was made of New Mexico Electric Service Company by Continental Oil Company to provide it with public electric utility service in Section 21, Township 17 South, Range 32 East, N.M.P.M., Lea County, New Mexico.

· 3. Under the undisputed evidence in the record, New Mexico Electric Service Company entered into a contract with Continental Oil Company to provide it with electric service required by said company at said point. The service so to be provided was for the purpose of water flooding and use in the pumping of oil wells in the area included in Township 17 South, Ranges 32 and 33 East, all of which is within the area included in the Certificate of Convenience and Necessity issued to New Mexico Electric Service Company.

4. There is no evidence whatever in the record before the Public Service Commission of New Mexico that any demand to provide electric utility service to any person in Townships 16 and 17, Ranges 32 and 33 East has ever been made of New. Mexico Electric Service Company before the request of Continental Oil Company.

5. There is no evidence in the record that New Mexico Electric Service Company has not at all times since the issuance of said Certificate provided public electric utility service to all persons within the area of the Certificate upon demand therefor

6. New Mexico Electric Service Company, under the undisputed evidence in the record, within one year from the date of the issuance of the Certificate of Convenience and Necessity began the construction and extension of its plant, line, system, works and facilities of the utility throughout the area of its Certificate in good faith, and has prosecuted the same with reasonable diligence from the date of the issuance of the Certificate to the date of the hearing before the Public Service Commission of New Mexico from which this appeal was taken.

7. Under the undisputed evidence in the record, upon request by Continental Oil Company for service in Section 21, Township 17 South, Range 32 East, N.M. P.M., Lea County, New Mexico, New Mexico Electric Service Company contracted to provide said service, purchased the necessary equipment therefor, and is ready willing and able to perform the service.

8. There is no substantial evidence in the record from which the Public Service Commission of New Mexico could find that New Mexico Electric Service Com-

pany had not at all times constructed and extended the public utility system authorized in its Certificate of Convenience and Necessity within the area of the Certificate and within the area involved in this action in good faith and with reasonable diligence.

9. Under the undisputed evidence in the record there are no facilities in the area owned by any of the parties to this action which are sufficient to provide the electric utility service required by Continental Oil Company, and it will be necessary to construct the facilities necessary to provide the amount of service required by it under the undisputed evidence before the Commission.

## CONCLUSIONS OF LAW

1. The Certificate of Convenience and Necessity issued to New Mexico Electric Service Company under date of February 25, 1953, is in full force and effect throughout the area of its Certificate and in Township 17 South, Ranges 32 and 33 East, N.M.P.M., Lea County, New Mexico, and under the Public Utility Act of New Mexico, said company is obligated and authorized to provide public utility service to customers desiring the same within the area of its Certificate, and any finding or conclusion of the Public Service Commission of New Mexico to the contrary is not supported by any substantial evidence in the record, and is unlawful and unreasonable.

2. Section 21, Township 17 South, Range 32 East, N.M.P.M., Lea County, New Mexico, is in the area in which New Mexico Electric Service Company holds a Certificate of Convenience and Necessity that is in full force and effect and such company is entitled to perform its contract with Continental Oil Company, and is entitled to serve the electric utility needs of Continental Oil Company at said point and in the other portions of its certified areas in which public utility service may be demanded, in accordance with the rates of said company from time to time in effect and subject to the proper jurisdiction of the Public Service Commission of New Mexico over the rates and service regulations of electric utility companies, and any finding or conclusion of the Public Service Commission of New Mexico to the contrary is not supported by any substantial evidence in the record, and is unlawful and unreasonable."

In addition to the facts concerning Service Company's certificate, as set out in the findings above, mention should be made that Lea County is a rural electric cooperative organized in 1946 under the provisions of the New Mexico Rural Cooperative Act (§§ 45-4-1 to 45-4-32, inc., N.M.S.A.1953), and since 1961 has held a certificate of public convenience and necessity covering its plant, lines and system issued pursuant to §

68–7–1.1, N.M.S.A.1953. See Lea County Electric Cooperative, Inc. v. New Mexico Public Service Commission, 75 N.M. 191, 402 P.2d 377. In 1961 when its certificate of convenience and necessity was issued it owned and operated plants and facilities for serving those desiring and needing the service in Township 17 South, Ranges 32 and 33 East, N.M.P.M. in Lea County, New Mexico. Continental obtains electricity for pumping 29 of its wells located in the area from Lea County.

Central Valley is also a rural electric cooperative organized under §§ 45–4–1 to 45–4–32, inc., N.M.S.A.1953, and since 1961 has operated as a public utility under the regulation of the Commission as provided in § 68–7–1.1, supra. It owns and operates electric facilities in Township 17 South, Range 32 East, and furnishes electric power to Continental for pumping 32 of its wells and for operation of its repressuring plant.

In addition to the 61 wells being pumped with electric energy furnished by Lea County and Central Valley, Continental operates 102 wells within the area of the proposed water flood project which number will be increased by 49 upon completion of certain unitization programs in progress.

From all the foregoing it is unquestioned that Lea County and Central Valley both have certificates which overlap that of Service Company. It is apparent that Lea County and Central Valley both have been operating under their authority in the area in question, whereas Service Company, although authorized to do so, has not serviced the area. The Commission concluded that because of the failure of Service Company to supply the need which existed for electric service in Township 17 South, Ranges 32 and 33 East, N.M.P.M., the certificate of convenience and necessity held by it to service that area was null and void. Its conclusion No. 5 reads:

"Although Respondent had obtained a certificate of public convenience and necessity in Case No. 584 from the Commission covering the area described in Finding 4, it failed to serve the said need in any manner and therefore by reason of the provisions of Section 68–7–2, N.M. S.A.1953, the said certificate of public convenience and necessity with respect to the said area is null and void."

The trial court, as is apparent from its findings quoted above, was of the opinion that since there was no evidence of any requests for service having been made of Service Company by anyone prior to the one made by Continental, and since Service Company had commenced construction and extension of its plant, lines and facilities within one year of the issuance of the certificate of convenience and necessity and had prosecuted the same with reasonable diligence and in good faith, the certificate held by it was in full force and effect, and Service Company had a duty to furnish Continental with service when it was re-

quested. It was the court's further view that the certificate of Service Company was not null and void for failure to fulfill its obligation thereunder as concluded by the Commission, and that the conclusion was accordingly unreasonable and unlawful. The court's conclusion of law No. 8 reads:

"Conclusion No. 5 of the Commission that New Mexico Electric Service Company had failed to fulfill the obligation of the Certificate of Convenience and Necessity in Township 17 South, Ranges 32 and 33 East, N.M.P.M., Lea County, New Mexico, and that by reason thereof said Certificate was null and void, is not sustained by any substantial evidence in the record, and is unreasonable and unlawful."

To resolve the question of whether the Commission or the court correctly appraised the situation, we must examine § 68–7–2, N.M.S.A.1953, which reads:

"Unless exercised within a period designated by the commission, but not exceeding one [1] year from the grant thereof, exclusive of any delay due to the order of any court, or failure to obtain any grant of consent, authority conferred by a certificate of convenience and necessity issued by the commission shall be null and void; but the beginning of the construction of the plant, line, system, works, or facilities of such utility, in good faith, within the time prescribed by the commission, and the prosecution of the same with reasonable diligence, shall constitute a compliance with such certificate."

Lea County places considerable reliance on Chicago Railways Company v. Commerce Commission, 336 Ill. 51, 167 N.E. 840, 67 A.L.R. 938, and Greyhound Corporation, Southeastern Greyhound Lines Division v. Carter (Fla.1960) 123 So.2d 697, being cases holding certificates of convenience and necessity void upon failure to exercise them within a limited time fixed by statute. We have examined these cases and the others cited by Lea County in support of its position and conclude that because of the very material differences present between the statutes being applied in each case from § 68–7–2, supra, they do not support the conclusion reached by the Commission.

■■ We are impressed that the plain meaning of our statute is that construction of the plant, line, system, works or facilities necessary to perform the service covered by the certificate of convenience and necessity shall be begun not later than one year after the same is granted, or the grant becomes null and void. It certainly could not have been contemplated that no greater area could be included within a certificate than could be serviced within one year after a certificate had been granted. The only reasonable meaning of the language is that when there is a grant of a broad area certificate such as was here issued to Service Company, construction must be commenced

and service made available in the area within one year, and that the construction and availability to the entire area covered by the certificate shall proceed "with reasonable diligence." So long as these requirements are met, the certificate remains in effect and does not become null and void. To hold otherwise would mean, in effect, that an area certificate such as was granted to Service Company was in fact only good as to that portion of the area wherein service was made available within one year, and that thereafter additional authority would be required to bring service to each portion of the area sought to be served, notwithstanding it was included within the area originally covered by the certificate, and notwithstanding the fact that prosecution of construction of the plant, line, system, works, or facilities had proceeded with reasonable diligence. As a matter of fact, it would seem that the Commission is attempting to do in this proceeding that which it could have done in originally issuing the area certificate to Service Company, i. e., granting a partial certificate or attaching terms and conditions as authorized by § 68–7–4, N.M.S.A.1953. Compare Application of Trico Electric Cooperative, Inc., 92 Ariz. 373, 377 P.2d 309; Paradise v. Pennsylvania Public Utility Commission, 184 Pa.Super. 8, 132 A.2d 754.

■ The record discloses that the Commission made no determination of whether Service Company, after commencing construction within one year after its certificate was granted, thereafter prosecuted the same with diligence. A finding based on substantial evidence that it had not done so was an absolute requirement before there could be a determination that its certificate was null and void. Compare State ex rel. Petroleum Transp. Co. v. Washington Public Service Commission, 35 Wash.2d 858, 216 P.2d 177. Until we are presented with the question we do not determine what is or is not diligence in any given situation. Neither could the Commission deny to Service Company its right to continue in the area covered by its certificate if its certificate had been exercised as required by § 68–7–2, supra, or, in other words, if its certificate was valid in the area sought to be served by it, even though other public utilities had overlapping or conflicting certificates. § 68–7–1.1(B), N.M.S.A.1953.

At this point we take note of § 68–7–1, N.M.S.A.1953. As we view this section, it prohibits construction of any facilities for public utility service without first obtaining a certificate of convenience and necessity, and provides that the holder of a certificate need not get a permit for extensions within a district where it has lawfully commenced operations, or to territory being served by it and necessary in the ordinary course of its business. Compare State ex rel. Harline v. Public Service Commission of Missouri (Mo.App.1960) 343 S.W.2d 177.

As we read § 68–7–1, supra, its only possible application under the facts here present would arise from the language which states that, "if any public utility in constructing or extending its line, plant, or system unreasonably interferes or is about unreasonably to interfere with the service or system of any other public utility, the commission on complaint of the public utility claiming to be injuriously affected may, after hearing, on reasonable notice, make such order and prescribe such terms and conditions in harmony with this act as are just and reasonable." Assuming the applicability of the quoted language, and Service Company seems to proceed on the theory that it is applicable, it is nevertheless apparent that thereunder the Commission could not hold existing franchise rights null and void, nor could it make an order which would conflict with § 68–7–1.1, supra, which states that when certificates granted utilities under that section overlap, certificates theretofore issued "and exercised within the time required under section 68–7–2, New Mexico Statutes Annotated, 1953 Compilation, both utilities shall be permitted to continue service." Both of these things it undertook to do and, as held by the trial court, erred therein. What kind of an order could legally be made, or what kind of terms and conditions could legally be imposed under § 68–7–1, supra, we do not consider. It is sufficient for our purposes that the order made was erroneous

because the Commission mistakenly considered that Service Company's franchise was automatically null and void as to any part of the area not served within one year.

The problem has arisen because of the conflict between the area certificate held by Service Company and the certificate covering present plant, lines and systems which Lea County and Central Valley obtained under § 68–7–1.1, supra. However, the same section provides that in this circumstance "both certificates shall be valid and both utilities shall be permitted to continue service." It follows that if Service Company's certificate is still valid and in effect, it would be entitled to serve along with Lea County and Central Valley. Compare Central Kansas Electric Cooperative Ass'n v. State Corporation Commission, 165 Kan. 471, 196 P.2d 212.

We are unable to follow the Commission's argument that since § 68–7–1, supra, allows the Commission to make orders therein provided for, subject to terms and conditions in harmony with the act, and since § 68–7–2, supra, is part of the act and states the circumstances under which a certificate becomes "null and void," the Commission had power to cancel the Service Company certificate in this proceeding. Aside from the fact that we do not grasp the logic of the argument, as already noted above we do not consider that § 68–7–1, supra, under the facts here present, is to be applied as attempted by the Commission.

If the Commission has power to revoke a certificate, and for the purposes of this case we assume that it does, it would be our view that the authority as well as the procedure therefor would be found in §§ 68–8–1 to 68–8–16, inc., N.M.S.A.1953, rather than in §§ 68–7–1 and 68–7–2, supra, as contended by the Commission. Neither the complaint in the instant case, nor the procedure followed, was sufficient to accomplish a cancellation of any authority held by any of the utilities here involved.

We assume, but do not decide, that a conclusion that the certificate of Service Company was null and void, if based upon proper findings, could probably be made in determining the issues in a hearing under § 68–7–1, supra, as a necessary incident of the larger questions presented thereunder, but even so, it would have to be based on ultimate findings of fact having substantial support in the evidence. Compare Templeton v. Pecos Valley Artesian Conservancy District, 65 N.M. 59, 332 P.2d 465.

In this connection, the denial to Central Valley of its right to continue to serve Continental along Central Valley's plant, lines and system for which it holds a certificate of convenience and necessity was equally a denial of rights and could not be accomplished without proper findings. It would seem that under § 68–7–1.1, supra, Central Valley is entitled to continue service on its existing plant, lines and system, along with Service Company, if Service Company's area certificate is valid, at least so long as terms and conditions therein under § 68–7–1, supra, have not been legally imposed.

In view of our conclusions as above set forth, we do not consider it necessary for us to pass upon the other arguments advanced by the appellants. They all proceed on an assumption here held to be lacking in support, that Service Company's franchise was null and void, or could be cancelled in this proceeding or made subject to orders restricting or denying the right to furnish service thereunder. Having decided otherwise, the various points argued by Lea County and the Commission, and adopted by Central Valley, are deprived of their persuasiveness.

Because of the form of our statute (§ 68–9–5, N.M.S.A.1953) we are limited in our disposition of the cause to affirming or reversing the lower court, and the cause cannot be remanded to permit the Commission to supply necessary findings as was done in Paradise v. Pennsylvania Public Utility Commission, supra, and State v. Washington Public Service Commission, supra. See Transcontinental Bus System v. State Corporation Commission, 56 N.M. 158, 241 P.2d 829, and State ex rel. Transcontinental Bus Service v. Carmody, 53 N.M. 367, 208 P.2d 1073.

It follows from what has been said that the judgment of the district court vacating

and annulling the order of the Commission was correct and should be affirmed.

It is so ordered.

CARMODY, C. J., and CHAVEZ, J., concur.