377 So.2d 679 (1979)
AUSTIN TUPLER TRUCKING, INC., et al., Petitioners,
v.
Paula F. HAWKINS et al., Respondents.
No. 55147.
Supreme Court of Florida.
November 21, 1979.
*680 Richard B. Austin of the Law Offices of Richard B. Austin, Miami, for petitioners.
Prentice P. Pruitt and Paul Sexton, Tallahassee, for respondents.
John P. Bond of Bond, Woitesek & Davis, Miami, for Benny's Transport, Inc. and Charles Eubanks, interveners-respondents.
SUNDBERG, Justice.
By certiorari to the Florida Public Service Commission, we have for review that commission's Order No. 14352 which granted transfer of Certificate No. 789 from Charles Eubanks to Benny's Transport, Inc. Jurisdiction vests in this Court pursuant to article V, section 3(b)(3), Florida Constitution.
In 1971, Charles Eubanks sought to transfer Certificate of Public Convenience and Necessity No. 789 to McTyre Trucking. Protestants opposed the transfer on the grounds that Certificate No. 789 had become dormant. In Order No. 10177, dated July 3, 1972, the Public Service Commission agreed that No. 789 was dormant and denied the transfer. Eubanks did not appeal this order.
On June 11, 1974, the Commission issued Order No. 11487, styled "Notice of Intent to Cancel Certificate," which stated that pursuant to section 323.10(2), Florida Statutes (1977), it intended to cancel Certificate No. 789 because it was dormant. After a hearing at Eubanks' request, the Commission found in Order No. 12103, filed May 19, 1975, that No. 789 had not been, and was not now, dormant. It accordingly vacated the finding of dormancy in Order No. 10177 and rescinded Order No. 11487.
On December 6, 1977, Eubanks and Benny's Transport, Inc. filed a joint application to transfer No. 789 to Benny's Transport. Petitioners protested on March 3, 1978, claiming No. 789 had already been declared dormant in the 1972 unappealed Order No. 10177. On May 31, 1978, the Commission in Order No. 14352 transferred Certificate No. 789 to Benny's Transport, holding that the 1972 Order No. 10177 had been modified by Order No. 12103.
Petitioners maintain that the dormancy of Certificate No. 789 was decided in the original transfer proceeding held in 1971, thereby foreclosing the Commission from relitigating the issue in the 1974 dormancy proceeding and in the second transfer proceeding. The Commission responds that transfer and dormancy, governed as they are by different statutory provisions,[1] are separate and distinct matters, and thus Eubanks was entitled to an independent hearing and findings on his 1971 transfer application and on the 1974 dormancy action. The Commission argues further that it has inherent authority to modify and supersede its prior orders.
The issue we address is whether the Public Service Commission departed from the essential requirements of law in approving the transfer of Certificate No. 789 in the face of a 1972 order finding No. 789 dormant. Our resolution of this issue will in turn be directed by the answers to these questions: first, what, if any, legal effect did the 1974 dormancy action have on the findings of the 1972 transfer order; second, if the 1974 proceeding was a nullity, what effect do the findings of the 1972 transfer order have on the validity of the 1978 transfer. We conclude that the 1974 dormancy action was a nullity, and that the Commission was compelled to deny the second transfer application on the basis of the 1972 finding of dormancy of Certificate No. 789.
*681 To begin, the dormancy of Certificate No. 789 was conclusively determined in the 1971 transfer action. The Commission possesses clear authority to litigate dormancy in a transfer proceeding, Van Arsdale v. King, 149 So.2d 353 (Fla. 1963), and the record before us demonstrates that Eubanks enjoyed the full panoply of procedural and substantive rights in the 1971 transfer hearing which enabled him to litigate fully the dormancy issue. While respondent is technically correct that transfer and dormancy are governed by different statutory provisions, the standard for dormancy in a section 323.041 transfer is measured by the definition of dormancy in section 323.10(2). See Van Arsdale v. King; Gray Line Tours of Ft. Lauderdale, Inc. v. Mason, 173 So.2d 441 (Fla. 1965).[2] The 1974 action, rather than offering anything new, merely duplicated the dormancy inquiry already conducted in the 1971 proceeding.
Respondents' assertion that Eubanks was entitled to the 1974 dormancy hearing is untenable for yet another reason. In Greyhound Corp., Southeastern Greyhound Lines Div. v. Carter, 123 So.2d 697 (Fla. 1960), we held that once dormancy is established, section 323.10(2) becomes self-executing and cancellation of the certificate is mandatory. Having found Certificate No. 789 dormant in the original transfer order, the Commission was under a duty to enter a mandatory order confirming the cancellation of the dormant certificate. In granting Eubanks another hearing on the dormancy issue some two years after the 1972 order, the Commission failed to heed the Greyhound decision and thus departed from the essential requirements of law.
Underpinning our decision today is the fact that orders of administrative agencies must eventually pass out of the agency's control and become final and no longer subject to change or modification. In Peoples Gas System, Inc. v. Mason, 187 So.2d 335 (Fla. 1966), we reaffirmed the long-standing rule that there must be a terminal point in every proceeding both administrative and judicial, at which the parties and the public may rely on a decision as being final and dispositive of the rights and issues involved therein. While we also recognize the Commission's limited inherent authority to modify its prior orders, Peoples Gas, 187 So.2d at 338, respondents have failed to show any significant change in circumstances or great public interest which would be served by permitting the 1974 proceeding to supersede the finding of dormancy in the 1972 order.[3]
In view of the fact that the dormancy of Certificate No. 789 was fully litigated in the 1971 transfer action, and because the 1974 proceeding was in effect a nullity, the issue of dormancy of No. 789 was not open for consideration in the 1978 transfer proceeding. To allow the Commission to revisit an issue disposed of long ago would contravene the sound principles of finality enunciated in Peoples Gas. It would also present an administrative nightmare, for parties to a transfer proceeding would presumably be entitled to relitigate indefinitely the dormancy issue in successive transfer applications. We cannot sanction such a result.
Accordingly, the writ of certiorari is granted, Order No. 14352 is quashed, and this cause is remanded to the Public Service Commission for proceedings not inconsistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS and BOYD, JJ., concur.
OVERTON and ALDERMAN, JJ., dissent.
NOTES
[1] Transfer of a certificate is governed by section 323.041, Florida Statutes (1977), while dormancy is defined in section 323.10(2). As we shall soon see, however, the two provisions are not entirely divorced. Section 323.041(3) prohibits the transfer of a certificate which has been found to be dormant for more than six months.
[2] During oral argument counsel for the Commission essentially conceded this point.
[3] Respondents argue that additional evidence (but not newly discovered evidence) and a change in the law compelled a reversal of the dormancy finding. Nonetheless, these questions should have been raised in 1972 in a petition for reconsideration or in an extraordinary petition for reconsideration under Florida Administrative Code Rules 25-2.64 and 25-2.118. Peoples Gas and the doctrine of finality preclude their consideration now.