Mr. Lawrence A. Gonzalez Secretary Department of Professional Regulation 130 North Monroe Street Tallahassee, Florida 32399-0750
Dear Secretary Gonzalez:
You ask the following question:
 Once a final order is rendered by the Florida Real Estate Commission and the thirty days in which to file an appeal has passed, does the commission, at the request of any party, have the authority to alter, modify, vacate, set aside, or otherwise reconsider, the disciplinary penalty previously imposed?
In sum, I am of the following opinion:
 In the absence of statutory authority or a judicial determination allowing reconsideration of its final agency action, the Florida Real Estate Commission does not have the authority to alter, modify, vacate, set aside, or otherwise reconsider, its final action after the thirty days in which to file an appeal has passed.
 Section 475.02, F.S., creates the Florida Real Estate Commission (commission) within the Department of Professional Regulation (DPR).[1] The commission regulates real estate brokers, salespersons, and real estate schools in Florida.[2]
 As the regulatory body of the real estate profession, the commission is authorized to provide all services necessary to perform the duties imposed by Ch. 475, F.S.[3] As an administrative agency, however, the commission's powers are limited to those expressly granted by the statutes or acts creating it and those which by fair implication are necessary to carry out the powers expressly granted.[4]
Section 475.25, F.S., authorizes the commission to carry out disciplinary proceedings which may lead to the issuance of a final order in each disciplinary case.[5] Pursuant to s. 455.225(5), F.S., such an order "shall constitute final agency action."[6]
Furthermore, actions of the commission which affect the substantial interest of a party are subject to the Administrative Procedure Act, Ch. 120, F.S.[7]
It is well settled that no statute or rule authorizes an agency to retain jurisdiction over its final order after the time for taking an appeal has expired.[8] As The Supreme Court of Florida recognized in Austin Tupler Trucking, Inc. v. Hawkins,[9]
"orders of administrative agencies must eventually pass out of the agency's control and become final and no longer subject to change or modification."[10]
Administrative agencies have inherent authority to correct clerical mistakes in their own orders.[11] This authority appears unquestionable during the period within which the final order may be appealed.[12]
In Taylor v. Department of Professional Regulation, Board of Medical Examiners,[13] The Supreme Court of Florida was presented with the certified question of whether an administrative agency may change or modify its final order within a reasonable time after filing it so that the time for taking an appeal runs from the date of filing the amended order. Answering the certified question in the affirmative, the Court emphasized that an administrative agency's authority to change or modify its final order "is simply for the purpose of correcting clerical errors and inadvertent mistakes, and does not allow the tolling of the time as a motion for rehearing."[14]
I have not found, nor have you provided, any provision in Ch. 120, F.S., or any other statutory authority or judicial interpretation which would allow the commission to reconsider final agency action. I am, therefore, of the opinion that, after the thirty days in which to file an appeal has passed, the Real Estate Commission does not have the authority to reconsider a disciplinary penalty previously imposed.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] See also, s. 455.20, F.S., defining "board" as used in Part II, Ch. 455, F.S., as "any board or commission within the Department of Professional Regulation, including the Florida Real Estate Commission."
[2] Sections 475.001 and 475.021, F.S.
[3] See, s. 475.021, F.S., providing that "[a]ll services concerning this chapter, including, but not limited to, record-keeping services, examination services, legal services, and investigative services, and those services in chapter 455 necessary to perform the duties of this chapter shall be provided by the Division of Real Estate." See also, s. 455.227, F.S., setting forth the grounds for, and authority by which, the commission may revoke, suspend, or deny the renewal of a license, or to reprimand, censure, or otherwise discipline a licensee.
[4] See, State, Department of Environmental Regulation v. Falls Chase Special Taxing District, 424 So.2d 787, 793 (1 D.C.A.Fla., 1982), pet. for rev. den., 436 So.2d 98 (Fla. 1983), stating: An agency has only such power as expressly or by necessary implication is granted by legislative enactment. An agency may not increase its own jurisdiction and, as a creature of statute, has no common law jurisdiction or inherent power such as might reside in, for example, a court of general jurisdiction.
[5] See, s. 475.25, F.S., setting forth those grounds upon which a licensee, permittee, or applicant for licensure may be disciplined and providing that the commission "may suspend a license or permit for a period not exceeding 10 years; may revoke a license or permit; may impose an administrative fine not to exceed $1,000 for each count or separate offense; and may issue a reprimand, or any or all of the foregoing" if any of certain enumerated grounds is found to have occurred. See also, s. 455.225, F.S., which provides for disciplinary proceedings before DPR and the boards regulating professions. And see, Ch. 21V-18, F.A.C., providing grounds for denial, revocation and suspension.
[6] Section 120.57, F.S. See, s. 120.52(1)(b), F.S., defining "agency" to include "each state department, departmental unit described in s. 20.04, commission, regional planning agency, board, district, and authority. . . ." See also, s. 455.225(3) and (4), F.S., providing that prosecution of complaints by the board (commission) and resulting formal hearings shall be pursuant to Ch. 120, F.S.
[7] Cf., s. 475.31(2), F.S., providing that "[t]he commission may publish and distribute in such manner and form as it may prescribe any of its final orders or decisions made under this chapter, after they become final by lapse of time or upon affirmance on appeal, or opinions of appellate courts for the guidance of registrants and the public. . . ." (e.s.)
[8] See, Systems Management Associates, Inc. v. State, Department of Health and Rehabilitative Services, 391 So.2d 688 (1 D.C.A.Fla., 1980), in which the court concluded that the deletion of the proscription against rehearing or reconsideration which previously appeared in Florida Administrative Code Rule 28-5.25(9) cannot be interpreted to authorize motions for rehearing of administrative orders. The court reasoned that such an interpretation would result in every administrative order remaining open for an indeterminate period for the filing of a petition for rehearing, thereby making the jurisdiction of an appellate court uncertain. See also, Mills v. Laris Painting Co.,125 So.2d 745 (Fla. 1961) (administrative agency has the power to control and modify orders by timely action before an appeal from the original order of the agency has been taken or before such order has become final by lapse of time without a timely appeal). And see, City of Hollywood v. Public Employees Relations Commission, 432 So.2d 79, 81 (4 D.C.A.Fla., 1983), concluding that while an administrative agency may enact a rule allowing for the filing of motions for reconsideration, the agency does not have the authority to grant extensions of time to file a motion for reconsideration of an order so as to suspend rendition of the order and extend the time within which an appeal may be taken. Cf., Rule 21V-18.008(3), F.A.C., providing "[i]n cases of revocation, the order of revocation shall remain in full force and effect until modified, vacated, or rescinded upon good cause therefor being shown to the Florida Real Estate Commission."
[9] 377 So.2d 679 (Fla. 1979).
[10] Id. at 681. See also, Peoples Gas System, Inc. v. Mason,187 So.2d 335, 339 (Fla. 1966), reaffirming the long-standing rule that there must be a concluding point in every proceeding such that the parties and the public may rely on a decision as being final and dispositive of the rights and issues involved therein. And see, Upjohn Healthcare Services, Inc. v. Department of Health and Rehabilitative Services, 471 So.2d 595 (1 D.C.A.Fla., 1985), pet. for rev. dism., 475 So.2d 696 (Fla. 1985), finding no authority for the proposition that an agency may vacate an order subsequent to the 30-day period for filing a notice of appeal. Cf., Wood v. Department of Professional Regulation, Board of Dentistry,490 So.2d 1079, 1081 (1 D.C.A.Fla., 1986) (revocation of a professional license does not preclude an attempt to have the license reissued or reinstated, although board has no jurisdiction to revisit a disciplinary proceeding for the purpose of announcing a more lenient disposition).
[11] Taylor v. Department of Professional Regulation, Board of Medical Examiners, 520 So.2d 557, 560 (Fla. 1988) (administrative tribunal, exercising quasi-judicial powers, enjoys the inherent authority to correct its own orders which contain clerical errors and errors arising from mistake or inadvertence).
[12] Id. at 560, where the Court found that the inherent authority of an administrative agency to modify its order to accurately reflect the truth does not in any way adversely affect the doctrine of administrative finality, particularly when the request for correction of the error is made within thirty days of the entry of the order. Cf., Cluett v. Department of Professional Regulation, Florida Real Estate Commission, 13 F.L.W. 1727 (1 D.C.A.Fla., 1988), in which the court relinquished jurisdiction to the commission for deciding a motion for reconsideration based upon a material witness's recantation of testimony.
[13] See, footnote 11, supra.
[14] Taylor, 520 So.2d at 560.