FERGUSON, Judge.
Commercial Coating Corp., a paint manufacturer, appeals an administrative order of the Department of Environmental Regulation (DER) declaring it ineligible to participate in the Department’s Early Detection Incentive (EDI) program for cleanup of site contamination. The program was established by legislative enactment as part of Florida’s State Underground Petroleum Environmental Response (SUPER) Act of 1986. One provision in the Act, section 376.3071, Florida Statutes (1987), establishes the Inland Protection Fund as the repository for assessments collected from businesses which use and store petroleum products in Florida.
The costs of cleaning up contamination caused by leakage from petroleum storage systems, on the premises of qualified applicants, is paid from the Trust Fund. The DER concluded that Commercial was ineligible because the material discharged from its underground storage tanks — mineral spirits — was not a “petroleum product” as defined by the statute, under section 376.-301(10), because its primary use is as a solvent rather than as a fuel.
Although a plethora of evidence was presented at the administrative hearing, we find that this case is basically one of statutory construction. Our decision to reverse turns on an interpretation and application of three sections of chapter 376.
Section 376.301(10) defines petroleum product:
‘Petroleum product’ means any liquid fuel commodity made from petroleum, including, but not limited to, all forms of fuel known or sold as diesel fuel, kerosene, all forms of fuel known or sold as gasoline, and fuels containing a mixture of gasoline and other products, excluding liquefied petroleum gas and American Society for Testing and Materials (ASTM) grades no. 5 and no. 6 residual oils, bunker C residual oils, intermediate fuel oils (IFO) used for marine bunkering with a viscosity of 30 and higher, asphalt oils, and petrochemical feedstocks.
(Emphasis added).
The legislative intent is expressed in section 376.3071(2):
It is the intent of the Legislature to establish the Inland Protection Trust Fund to serve as a repository for funds which will enable the department to respond without delay to incidents of inland contamination related to the storage of petroleum and petroleum products in order to protect the public health, safety, and welfare and to minimize environmental damage.
Section 376.315 explains how the Act is to be construed:
Sections 376.30-376.319, being necessary for the general welfare and the public health and safety of the state and its inhabitants, shall be liberally construed to effect the purposes set forth [herein].
Two material facts are not disputed: (1) mineral spirits is a petroleum product, and (2) mineral spirits is a liquid fuel. According to the uncontroverted expert testimony, mineral spirits can be produced by distilling gasoline without adding other chemicals. It was shown by undisputed evidence that mineral spirits is burned as a fuel source in industrial boilers, is sold commercially as charcoal starter fluid, and is a component of gasoline fuel used in outboard motorboat combustion engines. When the need arose, Commercial also used mineral spirits as fuel to operate its fork lifts.
To sustain the DER ruling would require a literal rewriting of section 376.301(10) as follows: “Petroleum product” means any liquid commodity made from petroleum, used primarily as a fuel, including, but not limited to, etc.
In construing statutes courts may not invoke a limitation or add words to the statute not placed there by the legislature. *679 Chaffee v. Miami Transfer Co., 288 So.2d 209 (Fla.1974); In re Estate of Horner, 188 So.2d 386 (Fla. 3d DCA 1966). Administrative agencies entrusted with authority to carry out statutory provisions are similarly prohibited from giving the statute an amendatory construction. See Florida Growers Coop. Transport v. Department of Revenue, 273 So.2d 142 (Fla. 1st DCA), cert. denied, 279 So.2d 33 (Fla.1973). The DER’s restrictive interpretation of the statutory language is contrary to the statute’s plain meaning, contrary to the liberal construction the statute must be accorded, and contrary to legislative intent. Factors suggested by the DER, as supportive of the more limiting construction, should be presented to the legislature as a basis for amending the statute.
REVERSED AND REMANDED.