ALTENBERND, Judge.
Beasley Broadcasting, Inc. (Beasley), appeals a final administrative order of the Department of State, Division of Licensing (the Division), imposing a fine for violation of section 849.094, Florida Statutes (1993). This statute regulates certain “game promotions” that are conducted “in connection with the sale of consumer products or services.” We reverse the order because Beasley’s radio stations sell commercial advertising time and, at most, provide a consumer service for free. The statute does not apply to an “organization engaged in any enterprise other than the sale of consumer products or services.” § 849.094(10), Fla. Stat. (1993).
Beasley owns and operates radio stations B103.9 (WXKB) and 96.5 (WPOW). It is undisputed that these stations provide free programming to listeners. The stations generate revenue by selling air time for advertising to businesses, most of whom wish to sell products and services to the radio stations’ listeners. The price the radio stations can charge for their air time depends upon the size of their regular listening audience. The audience size is determined by Arbitran ratings. To increase the size of their audience and improve their Arbitran ratings, radio stations use various promotional techniques. In September 1994, both of these radio stations decided to promote their stations with cash contests. There is no dispute that these contests were created by the stations for their own purposes. Neither contest was controlled by the station’s advertising customers.
At this point, it is helpful to consider several provisions within the gaming statute. Section 849.094(l)(a) defines a “game promotion” as
a contest, game of chance, or gift enterprise, conducted within or throughout the state and other states in connection with the sale of consumer products or services, and in which the elements of chance and prize are present. However, “game promotion” shall not be construed to apply to bingo games conducted pursuant to s. 849.0931.
Section 849.094(l)(b) defines an “operator” as
any person, firm, corporation, or association or agent or employee thereof who promotes, operates, or conducts a game promotion, except any charitable nonprofit organization.
Finally, section 849.094(10) states:
This section does not apply to actions or transactions regulated by the Department of Business Regulation or to the activities of nonprofit organizations or to any other organization engaged in any enterprise other than the sale of consumer products or services.[1]
*670 When one of these radio stations airs an advertisement for a customer, such as a car dealership, that uses a cash contest to promote its business, the customer must comply with this law. In that circumstance, it is also possible that the radio station becomes an “operator” for its customer. As a result, radio stations register their customers’ contests with the Division. In this case, these stations registered their own contests with the Division, but did not file the contest rules or establish trust accounts as specified in section 849.094(3) — (4), Florida Statutes (1993).
When the Division filed two administrative complaints, Beasley maintained that the contests were not “game promotions” and that the radio stations were not organizations regulated by section 849.094 when operating contests for themselves. We do not need to determine whether the contests are game promotions because Beasley is not a regulated organization for these games as the statute is currently written. The Division cannot overcome the clear language in section 849.094(10).
Although this statute was enacted twenty-five years ago, there are no regulations concerning this statute in the Florida Administrative Code, and there is no case law interpreting these provisions. “Consumer products or services” are not defined in this statute. Most definitions of consumer products or consumer services, however, limit this concept to property or services which are normally used for personal, family, or household purposes. See, e.g., Consumer Product Safety Act, 15 U.S.C. § 2052(a)(1) (1993); Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1) (1993); Florida Telemarketing Act, § 501.603(3), Fla. Stat. (1995). The Division does not suggest that radio advertising sold to businesses is a consumer product or service. Such advertising is used for commercial or business purposes, not family or household purposes
To establish this necessary connection to consumers, the Division argues that these contests are being operated to promote indirectly the sale of consumer products and services by Beasley’s advertisers. In ruling on Beasley’s exceptions to the hearing officer’s recommended order, for example, the Division stated that Beasley had presented no evidence or argument that it was “engaged in business for any other reason besides promoting consumer products or services for its customers.” Thus, the Division attempts to revise section 849.094(10) to read:
This section does not apply to ... any other organization engaged in any enterprise other than the sale of consumer products or services or the promotion of such sales.
It is not entirely clear what connection the Division would require between a business enterprise and a consumer sale to make the business an indirect “promoter” of the sale. Whatever that connection, it is more tenuous than the connection required to be an operator. It may be that the legislature should consider a narrower exemption to this statute, but neither the Division nor this court can add language to this unambiguous statute. Holly v. Auld, 450 So.2d 217 (Fla.1984); Esher v. Nationwide Mut. Fire Ins. Co., 593 So.2d 303 (Fla. 2d DCA 1992).
Reversed and remanded.
CAMPBELL, A.C.J., and FULMER, J, concur.

. The 1995 version of section 849.094 is substantially the same as the 1993 statute. The legislature amended the statute in 1993 to reflect that the Department of Business and Professional Regulation had replaced the Department of Busi *670 ness Regulation. See ch. 93-220, § 2, Laws of Fla.