GREEN, J.
This is an appeal from a final decision of the Agency for Health Care Administra *113 tion (“Agency”), which found that the Public Health Trust of Miami-Dade County, Florida (“Health Trust”), lacked standing to appeal the Agency’s preliminary award of a certificate of need (“CON”) to the Cleveland Clinic Florida Hospital (“Cleveland Clinic”), for a kidney transplant program. We affirm for the reasons which follow.[1]
In 1998, Cleveland Clinic applied for a CON to operate a kidney transplant program upon the completion of a 150-bed facility in Weston, Florida. In July 1998, the Agency issued its “State Agency Action Report” which preliminarily approved the Cleveland Clinic’s application. The Health Trust filed a timely Petition for Administrative Hearing, appealing the decision to award a CON to the Cleveland Clinic.
The Cleveland Clinic responded with a motion to dismiss the Health Trust’s petition, arguing that the Health Trust lacked standing to initiate an administrative proceeding under section 408.039(5)(c), Florida Statutes [the “standing” provision]. That section provides that:
Existing health care facilities may initiate or intervene in an administrative hearing upon a showing that an established program will be substantially affected by the issuance of any certificate of need to a competing proposed facility or program within the same district.
§ 408.039(5)(c), Fla. Stat. (1997) (emphasis added). The Health Trust’s petition alleged that it was in District 11 and that the Cleveland Clinic was in District 10. Thus, the Cleveland Clinic argued that because the Health Trust had not alleged that it was “in the same district” as the Cleveland Clinic, the Health Trust had not met its standing requirements.
The Health Trust responded that it met the statutory requirements because it nevertheless was in the same Transplant Region (Region 4) as the Cleveland Clinic. According to the Health Trust, all prior agency decisions involving “regionally planned tertiary services” had found that for standing purposes “transplant region” was synonymous with the term “district.” The administrative law judge, after hearing argument, recommended that the agency grant Cleveland Clinic’s motion to dismiss, finding that, pursuant to the plain meaning of section 408.039, a petition for administrative review of an agency’s CON action must allege that an established program was within the same district.
The Agency thereafter adopted the conclusions and recommendations of the administrative law judge, and ruled that:
In Shands [Teaching Hosp.] v. Agency for Health Care Administration and St. Luke’s Hospital, 695 So.2d 793 (Fla. 1st DCA 1997), the First District Court of Appeals [sic] affirmed a Final Order of the agency which adopted, reluctantly, a Recommended Order of Dismissal of a Petitioner similarly situated to Public Health Trust. In Shands, the court affirmed the award of a CON to St. Luke’s Hospital for a liver transplantation program. Shands, a provider in another health service planning district, but in the same transplant service planning area as St. Luke’s was not allowed to participate in the Chapter 120 adjudicatory proceeding because of lack of standing. The agency considers itself bound by Shands.
*114 Accordingly, the Agency adopted the administrative law judge’s conclusion of law and granted the motion to dismiss. This appeal ensued.
“The rules of statutory construction require that courts give statutory language its plain and ordinary meaning, unless the words are defined by statute.” State v. Cohen, 696 So.2d 435, 437 (Fla. 4th DCA 1997). Here, the term “district” is specifically defined in section 408.032 as:
(5) “District” means a health service planning district composed of the following counties:
[[Image here]]
District 10.-Broward County.
District ll.-Dade and Monroe Counties.
§ 408.032(5), Fla. Stat. (1997). Thus, there is no question that the Health Trust located in Miami-Dade County, and the Cleveland Clinic located in Broward County are in different districts. The standing provision in question only gives those facilities within the same district the ability to initiate an action or intervene in an administrative hearing regarding the issuance of a CON. Thus, we must affirm the findings of the Agency in this regard. See Chaffee v. Miami Transfer Co., Inc., 288 So.2d 209, 215 (Fla.1974)(courts, in construing a statute, may not invoke a limitation or add words to the statute not placed there by the legislature); see also Beasley Broadcasting, Inc. v. Department of State, 693 So.2d 668 (Fla. 2nd DCA 1997)(finding that neither the Division of Licensing nor the court can add language to an unambiguous statute); Commercial Coating Corp. v. State, 548 So.2d 677, 678 (Fla. 3d DCA 1989)(stating that “[i]n construing statutes courts may not invoke a limitation or add words to the statute not placed there by the legislature.”). See also, generally, State v. Cohen, 696 So.2d 435, 438 (Fla. 4th DCA 1997)(courts are without the power to construe an unambiguous statute in a way that would extend, modify, or limit its express terms or its reasonable and obvious implications).
Affirmed.

. After the briefs were filed and after oral argument was set, Cleveland Clinic moved to dismiss this appeal as moot because Cleveland Clinic was issued a second CON which was not contested by the Health Trust. We disagree because:
an appellate court does not lose jurisdiction of a cause because of mootness where the issues presented involve a matter of great public interest in the administration of the law and are likely to recur. Therefore, because this case poses a question of important public interest ... and because the issues presented herein are likely to recur ..., we have jurisdiction.
City of Miami v. F.O.P. Miami Lodge 20, 571 So.2d 1309, 1321 n. 7 (Fla. 3d DCA 1989) (citations omitted)(en banc).