VAN NORTWICK, J.
North Hill Manor, Inc. (North Hill) appeals a final order of the Florida Agency for Health Care Administration (AHCA), appellee, imposing a treble fine of $173,627.88 pursuant to section 400.424(3)(a), Florida Statutes (2000), for the failure of North Hill to provide a timely refund to a resident who vacated the facility. Because AHCA failed to consider the mitigating factors under section 400.419(3) in arriving at the trebled fine of $173,627.88, we reverse and remand for further proceedings consistent with this opinion.

Factual and Statutory Background

North Hill is a closely-held corporation that owns and operates North Hill Manor, an assisted living facility in Pensacola, Florida, with a licensed capacity of 32 beds. Beginning in March 1998, and contrary to the wishes of the management of North Hill, a resident, identified in the record only as Resident # 1 (Resident), began making advance payments of the future rent for her housing. She made an aggregate of $90,500 in advance rental payments: $12,800 in 1998, $61,200 in 1999 and $16,500 in 2000. On July 26, 2000, Resident moved from the North Hill facility without providing the thirty days notice of termination required by her housing contract with North Hill.
In August and September 2000, North Hill made several payments to Resident refunding in part her advanced rental payments: $16,500 on August 3, 2000; $12,800 on August 15, 2000; and $31,200 on September 21, 2000. North Hill paid Resident a final refund of $26,852.77 on May 15, 2001.
Section 400.419, Florida Statutes (2000) provides in pertinent part:
(1) Each violation of this part and adopted rules shall be classified according to the nature of the violation and the gravity of its probable effect on facility residents. The agency shall indicate the classification on the written notice of the violation as follows:
[[Image here]]
(c) Class “III” violations are those conditions or occurrences related to the operation and maintenance of a facility or to the personal care of residents which the agency determines indirectly or potentially threaten the physical or emotional health, safety, or security of facility residents, other than class I or class
II violations. A class III violation is subject to an administrative fine of not less than $100 and not exceeding $1,000 for each violation. A citation for a class
III violation shall specify the time within which the violation is required to be corrected. If a class III violation is corrected within the time specified, no fine may be imposed, ...
[[Image here]]
(3) In determining if a penalty is to be imposed and in fixing the amount of the fine, the agency shall consider the following factors:
(a) The gravity of the violation, including the probability that death or serious physical or emotional harm to a resident will result or has resulted, the severity of the action or potential harm, and the extent to which the provisions of the applicable laws or rules were violated.
*1176 (b) Actions taken by the owner or administrator to correct violations.
(c) Any previous violations.
(d) The financial benefit to the facility of committing or continuing the violation.
(e) The licensed capacity of the facility.
Section 400.424(3)(a), Florida Statutes (2000) provides in pertinent part:
The [assisted living facility] contract shall include a refund policy to be implemented at the time of a resident’s transfer, discharge, or death. The refund policy shall provide that the resident or responsible party is entitled to a prorated refund based on the daily rate for any unused portion of payment beyond the termination date after all charges, including the cost of damages to the residential unit resulting from circumstances other than normal use, have been paid to the licensee. For the purpose of this paragraph, the termination date shall be the date the unit is vacated by the resident and cleared of all personal belongings.... Except in the case of death or a discharge due to medical reasons, the refunds shall be computed in accordance with the notice of relocation requirements specified in the contract. However, a resident may not be required to provide the licensee with more than 30 days’ notice of termination .... The facility shall provide a refund to the resident or responsible party within days after the transfer, discharge, or death of the resident. The agency shall impose afine upon a facility that fails to comply with the refund provisions of the paragraph, which fine shall be equal to three times the amount due to the resident. One-half of the fine shall be remitted to the resident or his or her estate, and the other half to the Health Care Trust Fund to be used for the purpose specified in s. 400.418. (emphasis added).
AHCA is the agency responsible for licensing and regulating assisted living facilities in Florida pursuant to chapter 400, Florida Statutes. The agency began surveying the operations of North Hill Manor in September 2000. As pertinent to this appeal, AHCA filed an administrative complaint alleging that, after Resident moved out of the facility, North Hill had not timely refunded the full amount of advance payments made by Resident and that this failure constituted a Class III violation subject to fine under section 400.419(l)(c). In addition, AHCA asserted that only $29,300 had been refunded to Resident within the forty-five day period required by section 400.424(3)(a) and that under section 400.424(3)(a) a separate treble damage fine should be imposed for such violation.
North Hill requested an administrative hearing pursuant to section 120.57, Florida Statutes (2000). In the administrative proceeding, the administrative law judge (ALJ) agreed with AHCA that North Hill had committed a Class III violation by failing to timely refund Resident’s advance payments, but found substantial evidence of mitigation. Accordingly, the ALJ recommended a fine in the amount of $100, the smallest fine permissible under section 400.419(l)(c). The ALJ further found that Resident had been entitled to her full refund on or before September 11, 2000, the date that was 45 days subsequent to July 26, 2000, the date on which Resident moved from the facility. The ALJ rejected North Hill’s contention that the 45-day period should be calculated beginning August 25, 2000, the date on which Resident’s financial commitment to the facility ended pursuant to contract. The ALJ further found that the amount of $57,875.96 remained owing and not refunded to Resi *1177 dent as of September 11, 2000.[1] The ALJ determined that the treble fine imposed by section 400.424(3)(a) was to be levied in addition to the fine imposed by section 400.419(l)(c) and that the fine under section 400.424(3)(a) was not subject to mitigation pursuant to section 400.419(3). Thus, the ALJ recommended a fine of $173,627.88 pursuant to section 400.424(3)(a).
In its final order, ACHA agreed that the treble fine under section 400.424(3)(a) could not be mitigated. ACHA disagreed with the ALJ’s recommended fine for the Class III violation under section 400.419(l)(c), however, and imposed instead a fine of $18,700 pursuant to section 400.419(4).[2] This appeal ensued.

Forty-Five Day Refund Period

Section 400.424(3)(a) requires assisted living facilities to “provide a refund to the responsible party within 45 days after the transfer, discharge, or death of the resident.” In urging that Resident’s discharge date was August 25, 2000, the date Resident’s financial commitment to the facility ended pursuant to her contract, North Hill relies upon that portion of section 400.424(3)(a), which states that “the refunds shall be computed in accordance with the notice of relocation requirements specified in the contract.” We do not agree. The portion of the statute relied upon by North Hill, however, refers to the computation of the refund owed by the resident to the facility in the event the resident vacates the facility in violation of the thirty-day notice provision. The portion of section 400.424(3)(a) referring to the refund owed by the facility to the resident expressly provides that the facility shall pay a refund to the resident “within 45 days after the transfer, discharge, or death of the resident.” This statutory provision, not the contract between the parties, controls the timing of the payment of the refund in the instant proceeding.

Application of the Fine Limitation

North Hill submits that the legislature intended the $1,000 fine limitation under section 400.419(l)(c) to apply to section 400.424(3)(a), arguing that the legislature, in enacting section 400.424(3)(a) in 1993, is presumed to know that preexisting section 400.419(l)(e) contained a fine limitation of $1,000 on Class III violations. Compare ch. 93-216, § 19 at 2235, Laws of Florida, with ch. 80-198, § 21 at 645, Laws of Fla.; see Schwartz v. Geico General Insurance Co., 712 So.2d 773, 775 (Fla. 4th DCA 1998)(“[T]he legislature is ‘presumed to know the existing law when it enacts a statute.’ ”) (quoting Williams v. Jones, 326 So.2d 425, 437 (Fla.1975)). North Hill also points out that the legislature could have, but did not, remove section 400.424(3)(a) from the application of the fine limitations under section 400.419(l)(c).
The fine provided by section 400.424(3)(a), however, is a specific fine for failure to make a timely refund. This fine is separate and in addition to the general fines imposed for Class I through Class IV violations under section 400.419(1).[3] The various limitations on those general fines contained in subparts (a)-(d) of sec *1178 tion 400.419(1) apply only to the fines authorized by the particular subpart. Those limitations do not apply to other fines authorized by part III of chapter 400 and, therefore, do not limit the amount of the fine that may be imposed under section 400.424(3)(a).

Application of Mitigating Factors

Unlike the fine limitations discussed above, we hold that the legislature did intend that the mitigating factors under section 400.419(3) must be considered in determining whether and in what amount to impose the fines authorized in part III of chapter 400, including the fine authorized for violation of section 400.424(3)(a). The mitigation language of subsection (3) of section 400.419 is not limited to violations under section 400.419. Subsection (3) provides that “[i]n determining if a penalty is to be imposed and in fixing the amount of the fine, the agency shall consider” the mitigating factors. § 400.419(3), Florida Statutes (2000)(em-phasis added). Thus, we read section 400.419(3) as applying broadly to the fines imposed by section 400.424(3)(a) and elsewhere in part III of chapter 400. Accordingly, the mitigating factors in section 400.419(3) must be considered by AHCA in establishing the amount of the fine under section 400.424(3)(a).
For the reasons discussed above, we reverse and remand for further proceedings. On remand, if AHCA seeks to set a fine pursuant to section 400.424(3)(a), the ALJ shall make findings of fact as to the application of any mitigating factors to any such fine.
BOOTH and HAWKES, JJ., concur.

. The $57,875.96 constituted the original amount of $61,200, less $3,324.04 owed to North Hill by Resident.

. ACHA has conceded on appeal this increased fine was erroneous and that only the $100 section 400.419(4) fine recommended by the ALJ should be imposed.

.Double jeopardy does not apply to limit sanctions in civil cases unless the "sanction as applied in individual cases is so disproportionate to the government's damages that it serves the goal of punishment.” State v. Knowles, 625 So.2d 88, 91 (Fla. 5th DCA 1993). North Hill does not argue that the statutorily imposed penalty is punitive, see Kennedy v. Mendoza-Martinez, 372 U.S. 144, *1178 167-170, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963),
and, thus, the issue will not be considered.