NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHRISTINA PAYLAN, M.D., )
)
Appellant, )
)
v. ) Case No. 2D16-3597
)
DEPARTMENT OF HEALTH, )
)
Appellee. )
)

Opinion filed June 9, 2017.

Appeal from the Department of Health.

Christina Paylan, M.D., pro se.

Sarah Young Hodges, Chief Appellate
Counsel, Florida Department of Health,
Tallahassee, for Appellee.


PER CURIAM.

Christina Paylan appeals from a final administrative order from the

Department of Health (Department) denying her application for renewal of her medical

license. The Department's order was based on the application of section

456.0635(3)(a)(2), Florida Statutes (2016), which mandates denial of a renewal

application from any applicant who has been convicted of or pleaded to a felony under

chapters 409, 817, or 893, Florida Statutes,[1] unless the applicant is either "currently enrolled in a drug court program that allows the withdrawal of the plea for that felony upon successful completion of that program" or, in the case of a third-degree felony, where more than ten years have passed since "the sentence and any subsequent period of probation for such conviction or plea has ended."

It is undisputed that Paylan was convicted of a third-degree felony under chapter 893, that she was neither offered nor ordered to complete a drug court program by the trial court, and that the ten-year period from the completion of her sentence and subsequent probationary period had not yet expired at the time she filed her application for renewal. Consequently, the Department was required to apply section 456.0635(3)(a)(2) in considering her application.

In this appeal, Paylan is proceeding pro se. She contends that because she chose to take her criminal case to trial and because the criminal charges involved only a single prescription, she did not have the opportunity to participate in a drug court treatment program. Thus she argues that the application of the ten-year waiting period set forth in section 456.0635(3)(a)(2) is unjust as applied to her. We write only to address this argument as we find the other issues raised by Paylan to be without merit.

**I. Background**

On August 22, 2014, Paylan was convicted after a jury trial of obtaining a controlled substance by fraud, a third-degree felony as set forth in section 893.13(7)(a)(9), Florida Statutes (2011), and fraudulent use of personal information, a

---

[1]The statute also applies to applicants who have been convicted of or have pleaded to similar felonies committed in other states or jurisdictions.

third-degree felony as set forth in section 817.568(2)(a), Florida Statutes (2011).[2] These two convictions arose from an incident involving a single prescription that Paylan obtained by using the personal identification information of someone who had consulted with her for a medical procedure. Paylan was sentenced to 364 days in jail with jail credit applied.

On July 29, 2015, the Department filed an amended administrative complaint against Paylan alleging that she violated section 456.072(1)(c), Florida Statutes (2014), because she was found guilty of crimes related to the practice of medicine. Ultimately, in December of that year, the Board of Medicine (Board) issued a final order requiring Paylan to pay a $5000 fine, suspending her license for two years followed by one year of probation (with credit for time Paylan had served under an emergency suspension order), requiring her to complete continuing medical education, and requiring her to pay costs.

During her suspension, Paylan's license came up for renewal, and she timely filed her application. On February 2, 2016, the Department notified Paylan that it denied her application pursuant to section 456.0635(3)(a) because she had been convicted of a third-degree felony violation of section 893.13(7)(a)(9). The Department's Notice of Agency Action Denial of License Renewal letter did not reference Paylan's conviction under chapter 817.

Paylan thereafter petitioned to dismiss the Department's letter of denial, and she requested an evidentiary hearing. In her petition, she argued, among other things, that the denial of her license renewal was tantamount to a license revocation on

---

[2]The crimes took place on July 1, 2011.

the same ground for which the Board had already suspended her license. Thus she argued that the denial violated principles of double jeopardy, res judicata, and collateral estoppel.

At the hearing, the Department presented the testimony of a Department employee who testified that she reviewed Paylan's application, determined it was complete, and then denied it based on Paylan's criminal convictions under chapters 817 and 893.

Ultimately, the presiding officer filed a report recommending denial of Paylan's application based on her conviction for a third-degree felony under chapter 893. The presiding officer correctly concluded, as a matter of law, that section 456.0635(3)(a)(2) mandated the denial because Paylan was not enrolled in a qualified drug court program and because the ten-year period set forth in the statute had not yet expired. The Department subsequently issued its final order approving and adopting the presiding officer's report.

## II. Analysis

We may only set aside agency action if we find "that the action is dependent on findings of fact that are not supported by substantial competent evidence in the record, material errors in procedure, incorrect interpretations of law, or an abuse of discretion." Malave v. Dep't of Health, Bd. of Med., 881 So. 2d 682, 683 (Fla. 5th DCA 2004) (citing § 120.68(7), Fla. Stat. (2002)); see also Bollone v. Dep't of Mgmt. Servs., Div. of Ret., 100 So. 3d 1276, 1279 (Fla. 1st DCA 2012). "With respect to an agency's interpretation based on an issue of law," we must determine whether the agency "erroneously interpreted the law and, if so, whether a correct interpretation

- 4 -

compels a particular action." Bollone, 100 So. 3d at 1279 (citing Rosenzweig v. Dep't of Transp., 979 So. 2d 1050, 1053 (Fla. 1st DCA 2008)). "The administrative construction of a statute by the agency charged with its administration is entitled to great weight[,] [and] [w]e will not overturn an agency's interpretation unless clearly erroneous." Dep't of Ins. v. S.E. Volusia Hosp. Dist., 438 So. 2d 815, 820 (Fla. 1983) (citing State ex rel. Biscayne Kennel Club v. Bd. of Bus. Reg., 276 So. 2d 823, 828 (Fla. 1973)).

Paylan's argument is that the Department incorrectly interpreted the law by denying her application for renewal pursuant to section 456.0635(3)(a)(2). She primarily argues that the Department lacked the authority to "impose a penalty" based upon her conviction because the Board of Medicine had already done so by imposing the two-year suspension and one-year probationary term. She asserts that the doctrine of administrative finality precludes a second administrative punishment for the same conduct. She also contends that the nonrenewal of her license is, in effect, an improper revocation of her license for a ten-year period, which she contends should be treated like a double jeopardy violation.

However, Paylan misunderstands the difference in the nature of the two types of proceedings. Disciplinary proceedings are conducted to determine whether a licensee violated the disciplinary statutes. Conversely, in licensure renewal proceedings, the Department determines whether the licensee has met all the requirements for continued licensure or whether there is some fact that precludes renewal. Paylan's conviction under chapter 893 subjected her to both types of

proceedings, but that fact does not implicate either the administrative finality doctrine[3] or double jeopardy.  Whether or not Paylan met the requirements for continued licensure under section 456.0635(3)(a)(2) was not an issue that was decided by the Board of Medicine in her disciplinary proceedings.  Similarly, the Department, in reviewing Paylan's application for renewal, did not base the nonrenewal on Paylan's violation of section 456.072(1)(c), which permits discipline against a physician's license where a physician has either been convicted of or pleaded to a crime relating to the practice of the physician's profession.  Indeed, although the same drug-related conviction was used as a predicate for the two proceedings, one of the proceedings focused on how Paylan's conviction was related to her profession (i.e., by fraudulently obtaining a prescription through the use of someone else's information), whereas the other proceeding focused on Paylan's continued fitness for licensure due to the drug-related conviction.

We reject Paylan's argument that the denial of her renewal application was punitive in nature.  While civil proceedings can constitute punishment under certain circumstances, we do not believe that the Department's denial of renewal was so disproportionate so as to serve as a sanction.  Cf. N. Hill Manor, Inc. v. State, Agency for Health Care Admin., 881 So. 2d 1174, 1177 n.3 (Fla. 1st DCA 2004) (explaining that double jeopardy does not ordinarily "apply to limit sanctions in civil cases unless the 'sanction as applied in individual cases is so disproportionate to the government's

---

[3]The administrative finality doctrine is based on the idea that "there must be a 'terminal point in every proceeding both administrative and judicial, at which the parties and the public may rely on a decision as being final and dispositive of the rights and issues therein.' " Fla. Power Corp. v. Garcia, 780 So. 2d 34, 44 (Fla. 2001) (quoting Austin Tupler Trucking, Inc. v. Hawkins, 377 So. 2d 679, 681 (Fla. 1979)).  The doctrine is applied where there are common facts and issues presented in different proceedings and there has not been a significant change in circumstances.  See id.

damages that it serves the goal of punishment' " (quoting State v. Knowles, 625 So. 2d 88, 91 (Fla. 5th DCA 1993))). Sections 456.0635(3)(a)(1)-(3) focus on a physician's continued fitness to practice his or her profession when they have been convicted of certain crimes. The statute thus serves the public welfare by ensuring that a physician is either currently obtaining help for drug dependency or waiting a requisite period of time[4] after his or her sentence and any subsequent period of probation has concluded before seeking renewal. We therefore conclude that the Department was not prohibited by the administrative finality doctrine from following the mandate set forth in section 456.0635(3)(a)(2) and that it did not commit a double jeopardy violation in doing so.

Paylan's argument that application of section 456.0635(3)(a)(2) is unjust appears to be based on the idea that section 456.0635(3)(a) fails to contain any exceptions for licensure renewal applicants who are in her exact predicament, i.e., applicants who are not ordered to complete or expressly offered a drug court program as part of the resolution of a criminal case and for whom the relevant time period has not yet expired. However, we see nothing in section 456.0635(3)(a) that requires a trial court to offer or to order an applicant to attend a drug court program. Rather, the statute requires the Department to refuse renewal of a license of any applicant who has been convicted of or entered a plea to a felony under the specified chapters unless the applicant is "currently enrolled in a drug court program that allows the withdrawal of the plea for that felony upon successful completion of that program." § 456.0635(3)(a). Thus Paylan had a choice at the time she was charged with the criminal offenses. She

---

[4]The other subsections of the statute provide different time periods barring renewal depending on the offense level and whether the crime constituted a violation of section 893.13(6)(a).

- 7 -

could go to trial and hope to be found not guilty, at which point section 456.0635(3)(a) would be inapplicable. Or she could voluntarily enter a pretrial drug court program, assuming she qualified for it.[5] Either Paylan did not qualify for such a program or she chose not to participate in it. Consequently, while her angst and frustration about her situation are understandable, that is not a sufficient basis to bar application of section 456.0635(3)(a)(2).

Because Paylan was not currently enrolled in a drug court program and because the ten-year period specified in section 456.0635(3)(a)(2) had not yet expired, the Department was mandated to deny her renewal application due to her conviction of a felony under chapter 893. The Department is not permitted to make an exception because the result seems harsh or unfair as applied to a particular individual or situation. See Cortes v. State, Bd. of Regents, 655 So. 2d 132, 136 (Fla. 1st DCA 1995) ("The legislature may authorize administrative agencies to interpret, but never to alter statutes." (citations omitted)); Commercial Coating Corp. v. Dep't of Envtl. Regulation, 548 So. 2d 677, 679 (Fla. 3d DCA 1989) ("Administrative agencies entrusted with authority to carry out statutory provisions are . . . prohibited from giving the statute an amendatory construction.").

---

[5]Although not addressed by the parties and not dispositive of this case, we note that section 397.334(2), Florida Statutes (2014), provides in relevant part that "[e]ntry into any pretrial treatment-based drug court program shall be voluntary." And the website for the Drug Pretrial Intervention Program for the Thirteenth Judicial Circuit indicates that "[a]ny person over the age of 18 who has not had a prior felony or pretrial intervention episode is eligible provided they waive their right to a speedy trial, admit to having a drug problem and express a desire for treatment." Thirteenth Judicial Circuit Hillsborough County Drug Pretrial Intervention Program FAQs, http://www.fljud13.org/CourtPrograms/DrugCourtPrograms/DrugPretrialIntervention/FAQs.aspx (last visited May 18, 2017).

In enacting section 456.0635(3)(a), the legislature clearly wanted to create an opportunity for certain first-time offenders to be able to renew their medical license as long as they are progressing in a drug court treatment program. The incentive in picking that option is that an applicant would not have to wait for the expiration of the time periods set forth in sections 456.0635(3)(a)(1)-(3). Rather, the applicant is only required to be "currently enrolled" in such a program when their application for renewal is processed. § 456.0635(3)(a). But where an applicant either does not qualify for such a program or chooses not to enter into such a program, the legislature has made it equally clear that the applicant must wait for the expiration of the requisite time period—here, ten years—regardless of what the Board has done in a prior disciplinary proceeding. In the absence of a successful constitutional challenge, neither the Department nor this court may modify the statute in order to achieve a less harsh result for Paylan. See Hayes v. State, 750 So. 2d 1, 4 (Fla. 1999) ("We are not at liberty to add words to statutes that were not placed there by the [l]egislature."); Commercial Coating Corp., 548 So. 2d at 679 ("In construing statutes[,] courts may not invoke a limitation or add words to the statute not placed there by the legislature."). Section 456.0635(3)(a)(2) is very clear, and under the facts and circumstances of this case, the Department lacked the discretion to do anything except to deny the renewal of Paylan's license. Accordingly, the Department's final order is affirmed.

Affirmed.


NORTHCUTT, KHOUZAM, and MORRIS, JJ., Concur.