# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2021-3171
_____

CHRISTINA B. PAYLAN, M.D.,

    Appellant,

    v.

FLORIDA DEPARTMENT OF
HEALTH,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

February 7, 2024

TANENBAUM, J.

As the caption indicates, Christina Paylan is a medical doctor. She saw her license at first suspended for two years by the Board of Medicine and later subjected to a ten-year non-renewal period at the hands of the Department of Health. Both agency actions stemmed from felony convictions she sustained for fraudulently obtaining a controlled substance and fraudulent use of personal information. The suspension was part of a penalty imposed against her license (along with a $5,000 administrative fine) following a formal evidentiary hearing. The non-renewal came two years later, following Paylan's application and an informal agency hearing.

The department's non-renewal order was rendered under section 456.0635, Florida Statutes, based on her controlled-

substance conviction, a third-degree-felony violation of section 893.13(7)(a)9. The former provision states the following, in pertinent part:

> (3) The department *shall refuse to renew a license*, certificate, or registration of any applicant if the applicant or any principal, officer, agent, managing employee, or affiliated person of the applicant:
>
> (a) Has been convicted of, or entered a plea of guilty or nolo contendere to, regardless of adjudication, a felony under chapter 409, chapter 817, or *chapter 893*, or a similar felony offense committed in another state or jurisdiction . . . . Any such conviction or plea excludes the applicant from licensure renewal unless the sentence and any subsequent period of probation for such conviction or plea ended:
>
> . . . .
>
> 2. For felonies of the third degree, more than *10 years* before the date of application, except for felonies of the third degree under s. 893.13(6)(a).

§ 456.0635(3)(a)2., Fla. Stat. (emphasis supplied).

Paylan appealed the department's denial of her renewal application to the Second District Court of Appeal. That court affirmed, rejecting her arguments that the non-renewal effectively was a prohibited "second administrative punishment for the same conduct" and that application of the statute was "unjust." *Paylan v. Dep't of Health*, 226 So. 3d 296, 298–99 (Fla. 2d DCA 2017).

She then sued the department in the Sixth Judicial Circuit, raising as-applied and facial constitutional challenges to section 456.0635(3)(a)2. According to Paylan's complaint, section 456.0635(3)(a)2. is unconstitutional as applied to her because the department wielded it to enhance her administrative penalty, an improper use of its disciplinary authority given that she was "declared not to have a substance abuse diagnosis." Paylan also averred that the statute is facially unconstitutional because it enables the department to enhance a licensee's punishment and is

2

not in harmony with other statutes, but she failed to identify a single conflict between the statutory text and any constitutional provision.[*] The suit transferred to the Second Judicial Circuit (which is within our territorial jurisdiction), and the receiving trial court granted the department's motion for summary judgment.

In its final judgment, which is what we have for review in this appeal, the court concluded that "[b]ecause the arguments and issues brought by Plaintiff in this action have already been fully litigated, the action is barred by the doctrine of collateral estoppel." We affirm the trial court's judgment dismissing the complaint, but for a different reason. *Cf. Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) ("Even when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it."); *see also Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999) ("[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record."); *In re Yohn's Estate*, 238 So. 2d 290, 295 (Fla. 1970) ("It is elementary that the theories or reasons assigned by the lower court as its basis for the order or judgment appealed from, although sometimes helpful, are not in any way controlling on appeal and the Appellate Court will make its own determination as to the correctness of the decision of the lower court . . . [so] if the lower court assigns an erroneous reason for its decision the decision will be affirmed where there is some other different reason or basis to support it.").

We first note that the trial court's application of the "collateral estoppel" (or "estoppel by judgment") doctrine was incorrect. That doctrine has no application to an appellate court disposition (here, the Second District's decision on Paylan's first appeal). The doctrine's application is limited to adjudicated *facts* that had been in dispute between the parties. *See Bagwell v. Bagwell*, 14 So. 2d 841, 843 (Fla. 1943) ("It is the essence of estoppel by judgment that it be made certain that the precise *facts* were determined by the

---

[*] At the beginning of her complaint, Paylan merely stated that she was suing "pursuant to the Fifth and Fourteenth Amendments to the U.S. Const., and Article 1 § 9 of the Florida Constitution."

former judgment." (emphasis supplied)); *cf. Cromwell v. Sac County*, 94 U.S. 351, 353 (1876) (explaining that a prior judgment "operates as an estoppel only as to those matters in issue or points controverted, *upon the determination of which the finding or verdict was rendered*" (emphasis supplied); *United States v. Moser*, 266 U.S. 236, 242 (1924) (noting that the doctrine of res judicata "does not apply to unmixed questions of law" but that "a *fact, question* or *right* distinctly adjudged in the original action cannot be disputed in a subsequent action, even though the determination was reached upon an erroneous view or by an erroneous application of the law"); Austin Wakeman Scott, *Collateral Estoppel by Judgment*, 56 HARV. L. REV. 1, 2–4 (1942) (describing the application of collateral estoppel to bar only questions of fact actually litigated and determined); *id.* at 7–10 (explaining how the doctrine generally does not apply to pure questions of law).

An appellate court does not adjudicate factual disputes; only the trial court does. *Cf. Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218–19, 227 (1995) (explaining that the judicial power that the U.S. Constitution vests in Article III is "the power, not merely to rule on cases, but to *decide* them, *subject to review only by superior courts* in the Article III hierarchy—with an understanding, in short, that a judgment conclusively resolves the case because a judicial Power is one to render dispositive judgments" (second emphasis supplied) (internal quotation and citation omitted)). The function of a district court in Florida, like any appellate court, then is "to enquire whether a judgment when rendered was erroneous or not." *United States v. Schooner Peggy*, 5 U.S. 103, 110 (1801). In doing so, an appellate court determines only whether the proper rule of law has been applied to the facts adjudicated by the trial court. *Cf. Marbury v. Madison*, 5 U.S. 137, 175 (1803) ("It is the essential criterion of appellate jurisdiction, that it revises and corrects the proceedings in a cause already instituted, and does not create that cause."); *id.* (explaining that the judicial branch "say[s] what the law is," and that in applying "the rule [of law] to particular cases, [courts] must of necessity expound and interpret that rule"); *Schooner Peggy*, 5 U.S. at 110 (distinguishing between a trial court's judgment and an appellate court's decision and holding that an intervening change in the governing legal "rule" must be applied in an ongoing appellate review of the judgment); *Plaut*, 514 U.S. at 226 (explaining that

4

"[w]hen a new law makes clear that it is retroactive, an appellate court must apply that law in reviewing judgments still on appeal that were rendered before the law was enacted, and must alter the outcome accordingly").

To put this a different way, a district court of appeal does not "try" a question or action between the parties at all. It is the lower court's judgment that is on trial, so to speak. *See State v. Hull*, 20 So. 762, 763–64 (Fla. 1896) (characterizing a proceeding on a writ of error, the precursor to the present-day appeal, as "less an action between the original parties than a question between the judgment and the law"); *Atl. Coast Line R. Co. v. Benedict Pineapple Co.*, 42 So. 529, 531–32 (Fla. 1906) (Shackleford, C.J., concurring) ("While the parties to the cause remain the same, though generally changing places, the defeated party becoming the plaintiff in error, and the successful party the defendant in error, the primary object of a writ of error is not to try the question between the parties, but rather to try the judgment of the court below—to test the judgment by the law. It is not the action to be tried, but the judgment." (internal quotation and citation omitted)). The Second District Court of Appeal, then, could not have—and did not—adjudicate any factual dispute between Paylan and the department. In essence, the department's final administrative order was on trial in the appellate court, not the facts, so no estoppel could arise from the appellate court's determination that the order was free from prejudicial error.

Even though the trial court incorrectly relied on a collateral-estoppel theory, we nevertheless can affirm based on the judicial policies addressed by the supreme court in *Key Haven Associated Enters., Inc. v. Bd. of Trustees of Internal Imp. Tr. Fund*, 427 So. 2d 153 (Fla. 1982). In *Key Haven*, the supreme court disallowed, as a matter of judicial policy, a suit claiming an agency applied a statute or rule "in such a way that the aggrieved party's constitutional rights have been violated." *Id.* at 158. The supreme court explained that "administrative remedies must be exhausted to assure that the responsible agency has had a full opportunity to reach a sensitive, mature, and considered decision upon a complete record appropriate to the issue." *Id.* (internal quotation and citation omitted). If Paylan's underlying suit purported to make an

as-applied constitutional challenge, such a challenge is barred by this policy, and dismissal is the correct outcome.

The supreme court established another judicial policy in *Key Haven*: An "aggrieved party" may make a facial constitutional challenge on direct review in the district court under section 120.68, Florida Statutes, at the completion of the administrative process, *or* that party may assert the facial challenge in a separate suit in the trial court. *Id.* at 157. This approach "allow[s] all issues to be decided in the least expensive and time-consuming manner." *Id.* The party, however, cannot do both. "[O]nce a party chooses one or the other alternative, [s]he is foreclosed from proceeding with the alternative remedy." *Id.* Insofar as Paylan was attempting to make a facial constitutional challenge in the trial court after having asserted her challenge in the Second District, the claim in the trial court was barred under this judicial policy. So again, the suit properly was dismissed.

There is one last reason to affirm. Paylan asserted in her complaint that section 456.0635(3)(a)2., Florida Statutes, is unconstitutional on its face. Paylan introduces her complaint as one brought pursuant to the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, section 9, of the Florida Constitution, but nowhere did she identify the conflict between the constitutional and statutory text that required judicial resolution. It simply was not enough for Paylan to assert that the statute is generally "unconstitutional." For her facial challenge to have been a judicially cognizable one, Paylan had to specify the constitutional rule that, as she saw it, could not operate fully with respect to cases like hers, free from interference by the statute she was challenging. *Cf. Marbury*, 5 U.S. at 177 ("If two laws conflict with each other, the courts must decide on the operation of each."); *id.* at 178 ("So if a law be in opposition to the constitution; if both the law and the constitution apply to a particular case, so that the court must either decide that case conformably to the law, disregarding the constitution; or conformably to the constitution, disregarding the law; *the court must determine which of these conflicting rules governs the case.* This is of the very essence of judicial duty." (emphasis supplied)).

In the end, the trial court correctly dismissed the complaint via summary judgment.

AFFIRMED.

B.L. THOMAS, J. concurs; M.K. THOMAS, J., concurs in result only.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Christina B. Paylan, M.D., pro se, Appellant.

Eric O. Husby, Tampa, for Appellant.

Sarah Young Hodges, Florida Department of Health, Tallahassee, for Appellee.